## STATE *versus* BILLINGS J. HOOD.

Offences of the same nature, though different in degree, may be charged in one indictment.

Exceptions do not lie to the refusal of the presiding Judge to compel the prosecuting officer to elect upon what counts in the indictment he will proceed.

When the collective value only, of the articles alleged to be stolen, is set out in an indictment for larceny, judgment will not be arrested, if the jury find the respondent guilty of stealing all the articles named.

Although an indictment contains several counts for offences of the same nature, but of different degrees, and the jury return a general verdict of guilty, judgment will not be arrested; but sentence will be given for the offence of the highest grade charged in the indictment.

ON EXCEPTIONS, to the rulings of BARROWS, J. The case is stated in the opinion.

*Record,* for the respondent.

*Ludden, County Attorney,* for the State.

The opinion of the Court was prepared by

BARROWS, J.—The defendant is charged in the indictment with breaking and entering the store of Stephen R. Deane, at Leeds, and stealing therefrom quite a variety of dry goods and groceries, alleged in the first count to be of the gross value of $120.

In the second count, the bill of articles alleged to have been stolen is identical as to kinds and quantities, and a valuation is affixed to the individual articles, amounting in the whole to $120.

In the first count, the offence is alleged to have been committed on the 19th of September, in the night time; in the

second, on the 20th of September, without any allegation that it was in the night time.

A general verdict of guilty was returned and the counsel for the defendant complains that there was a misjoinder of counts; that, in the first count, only the gross value of the goods stolen is alleged, and that the prosecuting officer was not compelled by the Court to elect upon which count he would proceed, but a general verdict of guilty was returned and received. Neither of these objections is well founded, and the motion in arrest was properly overruled.

Offences of the same nature, whether the same or different in degree, may be charged in one indictment, in appropriate counts. This has been too often held by the Courts in our own and other States to admit of question or to require the citation of authorities. It is in such cases, where distinct offences are charged, that the Court may, in its discretion, if the counts are so numerous as to embarrass the defence, compel the prosecutor to elect on which charge he will proceed. But the refusal to compel such election, being a matter of discretion, would not be the subject of exceptions. And where, as is apparent in the present case, the same charge is made in different forms, in good faith, for the purpose of meeting the evidence or the conclusions which the jury might draw therefrom, such election will never be compelled. Whether the jury would come to the conclusion, from the testimony, that this offence was perpetrated in the night time of the 19th of September, or, after daylight, on the morning of the 20th, might be doubtful, and there was no impropriety in charging it both ways.

The allegation of value is sufficiently distinct in either count to meet all the requirements of justice. The sum total is all that it is necessary to ascertain in order to determine what penalty the criminal has incurred. The verdict is, that he was guilty of stealing all the articles to which a collective value was assigned in the first count. It is only in cases where the verdict negatives the stealing of a part of

State *v.* Hood.

the articles, that an allegation of the collective value will be held insufficient.

Nor is it any cause for arresting judgment that there was a general verdict of guilty. Where one and the same criminal transaction is charged in different counts, alleging the commission of different grades of the same offence, but one penalty will be awarded, and, upon a general verdict of guilty, it will be the punishment appropriate to the highest grade. The Judge, who tries the case, must necessarily know whether the counts and the evidence offered in support of them relate to one or more offences, and, where sentence has been passed, it is to be presumed that the proper punishment was awarded. *Crosby* v. *Commonwealth,* 11 Met., 575.

It is urged, that in this case two palpably distinct offences are charged. If that were so, and injustice were done to the defendant by the verdict, the remedy would be by motion to set the verdict aside as not being warranted by the evidence, and not by motion in arrest of judgment.

Upon a motion in arrest of judgment, it is not a valid objection to an indictment, that it charges in different counts two or more offences of the same nature, or the same offence in different grades, or with different circumstances; nor to a verdict, in such case, that it is a general verdict of guilty.                                    *Exceptions overruled.*

APPLETON, C. J., CUTTING, DAVIS, KENT and DICKERSON, JJ., concurred.