## THE STATE v. HART.

1. **Criminal law:** OBJECTIONS TO GRAND JURORS: PRACTICE. A judgment against the defendant in a criminal prosecution will not be reversed on the ground that one of the names upon the list of grand jurors, as drawn, does not appears upon the list returned by the judges of election for that year, when it is not shown but that the proper steps were taken by the court below to correct this error, and thus have impaneled a legal grand jury.

2. —— It seems that an objection of this character cannot be taken advantage of by demurrer to the indictment, but must be raised by challenge to the panel of the grand jury, under section 4611, *et seq.*, of the Revision.

3. —— INDICTMENT FOR LARCENY. The objection that an indictment for the larceny of certain property, including a wagon and harness, is defective, because the value of these two pieces are stated together, is not well founded.

The State v. Hart.

4. —— EVIDENCE. There is no error in the rejection of an offer to prove in a prosecution for larceny, by a witness for the defense, that the acts of the defendant, while at the house of the witness, "were such as to show that it was not his intention to steal the property." Such an offer is too indefinite.

5. —— DRUNKENNESS. Nor is there any error in the exclusion of evidence offered by the defendant in such a prosecution, to the effect that he had been drunk on prior occasions, and that while in this condition he was deprived of reason.

5. —— GOOD CONDUCT OF PRISONER. Evidence of the good conduct of a prisoner while in confinement is not admissible as tending to establish his innocence.

*Appeal from General Term, Sixth District (Jefferson County).*

WEDNESDAY, JULY 27.

DEFENDANT was indicited for larceny in stealing a horse, buggy and other property in the county of Jefferson. Upon the trial he was convicted, and sentenced to the penitentiary for the term of two years. Upon appeal to the general term the judgment of the district court was affirmed. Defendant brings his appeal to this court. The facts necessary to an understanding of the points ruled are found in the opinion.

*Negus & Culbertson* for the appellant.

*H. O'Connor*, attorney-general, for the state.

BECK, J. — The assignments of error will be considered in the order presented by defendant's counsel.

I. The defendant moved to set aside the indictment, because of one of the names upon the list of grand jurors, 1. CRIMINAL LAW : objections to grand jurors : practice. drawn by the county officers for the year 1868, during which defendant was indicted, does not appear upon the list of grand jurors returned by the judge s of election for that year. This

fact sufficiently appears in the record. But it does not appear whether the juror, whose name thus appears upon the list of grand jurors, was in fact one of the panel nor does it appear that proper action was not had by the court to correct this error, and a legal jury thus impaneled. We are required to exercise presumption in favor of the correctness of the ruling of the court below; we must, therefore, presume that the irregularity complained of was corrected by proper action of the court. Besides, we gather from the record that the defendant was held to answer to the charge, for which he is indicted, when the indictment was found. The objection could have been raised only by challenge to the panel. Rev. §§ 4611–4613, 4693.

II. The defendant demurred to the indictment because the names of certain witnesses who were not examined before the grand jury are indorsed upon the indictment, and because the separate value of each piece of property stolen is not stated in the indictment. The fact assumed as the first ground of demurrer is not shown by the record; but if such were the case, and it is a valid objection, it could not be taken advantage of by demurrer. The second ground of demurrer is disposed of by simply remarking, that the values of the stolen property *are* sufficiently set out, those of the horse and pistol separately, and of the buggy and harness together.

3. —— indict-ment: larceny.

III. The refusal of the court to admit certain evidence is made the ground of objection. A brief statement of the facts as disclosed in the record is necessary to an understanding of the ruling of the court upon the remaining points to be considered.

4. —— evidence.

The defendant was employed by one Sater as a laborer upon his farm. Sater sent his son, a lad, to Fairfield to obtain a letter he was expecting through the mail, containing a draft for an amount of money. Defendant

knew that the object of the father in sending the son was to get the letter with the expected remittance. He asked permission to accompany the boy, and it was granted. A letter was received from the post-office by the boy, and defendant took it from him, with the purpose, as he averred, of taking care of it. They seemed to have remained in Fairfield several hours, during which time defendant indulged in drinking wine and beer. One witness testifies that he was intoxicated; the boy states that he was not. When they were about to start home, defendant informed the boy that some errand he was to do had been omitted, and the boy thereupon left him, with the horse and buggy and other property alleged to have been stolen, for the purpose of attending to it. Defendant, while the boy was gone, drove off, and was found about twelve miles from Fairfield, on the road toward Burlington, where he had put up for the night.

Between Fairfield and that place he had, upon his own invitation, taken two men in the buggy with him. He told these men that the horse, buggy and other property were his own, and informed them where and in what manner he had traded for them; all of which, of course, was false. He also stated that he was going to Illinois. They did not think he was intoxicated. Simmons, at whose house he stopped for the night, testified that he did not suppose, when the defendant first came to his house, that he had been drinking. He was arrested during the night, and the property, including the letter, was recovered. The letter had no draft inclosed and was not sent by the party from whom Sater expected the remittance. Defendant offered to prove by Simmons, that, when at his house, defendant's "acts were such as to show that it was not his intention to steal the property." This evidence was not admitted. The witness, however, was permitted to testify as to his conduct, from which an opinion could

The State v. Hart.

be formed whether defendant was or was not intoxicated. The evidence was properly excluded. It would be a very dangerous rule to admit such evidence.

The offer, as we understand it, simply means that it was proposed to prove that defendant acted as an honest man. Had the offer been of evidence to the effect that defendant disclaimed the ownership of the property and truthfully, explained how it came into his possession, or that he did some act looking toward its return, or the like, the evidence doubtless would have been received. The offer, as it appears in the record, is too indefinite. We cannot determine that the court improperly excluded the evidence. Evidently the defense set up is, that defendant was drunk at the time the offense was committed. The court admitted all proper evidence tending to establish that defense.

IV. The court excluded certain evidence in depositions for defendant, tending to show that had been on prior occasions drunk, and that on one or more occasions his drunkenness deprived him of reason. This ruling is objected to ; it is however, correct. Without determining drunkenness to be a proper defense, we may safely hold that it could not be so considered unless it had the effect, in some degree, to deprive the accused of reason. The fact that he had been on prior occasions so drunk that he was deprived of reason, or that when drunk on such occasions his acts were like those of an insane man, could not establish the fact of his want of reason and responsibility when he committed the act for which he was indicted. If it be claimed the evidence was intended to show that drunkenness, in the case of the prisoner, had the effect to produce a condition of insanity, and on that ground was admissible, it may said in reply to this view, that the facts proposed to be proved were too remote, uncertain and indefinite for that purpose.

The State v. Hart.

In addition to these objections to the evidence, it may be remarked that the record does not, with sufficient certainty, identify the parts of the deposition that were excluded.

V. The defendant offered to prove by the jailer that while in confinement his conduct had been that of an 6. —— good honest man. This evidence was rightly excluded. It was not admissible as tending to show the good character of defendant, and it can hardly be claimed that the good conduct of one charged with an offense, after its commission, can be shown in evidence to establish his innocence.

6. —— good conduct of prisoner.

VI. A motion for a new trial, upon the ground that the verdict is not supported by the evidence, was overruled. This is assigned as error. The evidence discloses the fact that the offense was committed with little skill, and a most stupid attempt was made to escape with the property. These facts are urged as reasons for holding the defendant innocent. We do not so regard them. Great diversity of skill is exhibited in the perpetration of crimes, as well as in honest actions. This is one of the most unskillful and blundering of all attempts at crime, it may be admitted, but we very plainly discern the *animus furandi* of defendant in his acts, as disclosed in the record. The rulings of the court upon all questions raised during the progress of the trial were correct; the law was correctly given to the jury; and, in our opinion, the record not only fails to satisfy us that the verdict is contrary to the evidence, but, on the contrary, convinces us that the jury could not have rightly found otherwise than that the defendant is guilty, as charged in the indictment.

The judgement of the general term affirming the judgment of the district court is

Affirmed.