[No. 10,015.]

# PEOPLE v. COON.

VARIANCE BETWEEN INDICTMENT AND PROOF.—Where the indictment charged the defendant with stealing five certificates of shares of stock of the number 7,056, and the proof showed there was but one such certificate, and not a series of five, as alleged, there was a fatal variance.

APPEAL from the Municipal Criminal Court of the City and County of San Francisco.

The defendant was convicted of grand larceny, and appealed from the judgment and from orders denying an arrest of judgment and refusing a new trial.

The other facts are stated in the opinion.

*Nathan Porter* and *L. Quint*, for Appellant.

*Murphy & Darwin* and *G. T. Marye, Jr.*, for Respondents.

By the COURT:

The indictment charges that the defendant stole five certificates of shares of stock, so called, of the number 7,056 of the Savage Mining Company, etc. The plain import of that is that the shares alleged to have been stolen were of a series of certificates—such certificates bearing the number 7,056—and it became necessary for the prosecution to prove that the defendant stole one or more of this series of certificates.

The proof upon this point, however, was that the certificate actually claimed to have been stolen was not one of the series alleged in the indictment; that in fact there was no such series ever in existence, and that the certificate which was the subject of the supposed larceny was single, there being but one of that number.

That the certificates named in the indictment were more than one, and were of a series bearing a uniform number,

became a material part of the description of the property stolen; in fact, besides the designation of the number of the certificates, there is no other description set forth, for the number of shares represented by the certificates is not alleged, and we think that there was a fatal variance between the indictment and the proof in respect of the description.

Judgment reversed.