THE STATE v. BEATTY, *Alias* CURLEY, *Appellant.*

1. **Pleading, Criminal:** PRACTICE: LARCENY. An indictment for the larceny of several articles is sufficient where it states only the collective value of the property, and proof of the aggregate value may be received under it.

2. **Criminal Law :** RECENT POSSESSION OF PART OF STOLEN PROPERTY. Possession of a part of property which has been recently stolen, together with other circumstances, will justify the jury in finding that the possessor stole the whole.

3. ————: RECENT POSSESSION OF STOLEN PROPERTY. The doctrine of the case of *State v. Brown*, 75 Mo. 318, as to the recent possession of stolen property, followed and affirmed.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

AFFIRMED.

*Jenkins, Clarke & Thomas* for appellant.

(1) When the indictment charges the larceny of more than one article of personal property, the value of each separately must be set forth in the indictment, and so proved. *State v. Longbottoms*, 11 Humph. (Tenn.) 39 ; *State v. Clark*, 8 Ired. 226 ; *State v. Goodrich*, 46 N. H. 186 ; *Sheppard v. State*, 42 Ala. 531 ; *Com. v. Smith*, 1 Mass. 245 ; *Morgan v. State*, 13 Fla. 671 ; *State v. Merrill*, 44 N. H. 624 ; *Hope v. Com.*, 9 Metc. (Mass.) 134 ; *Com. v. Lavery*, 101 Mass. 207 ; *Com. v. Cahill*, 12 Allen, 540 ; 2 Hale, P. C., 182 ; 3 Chit. Crim. Law [4 Am. Ed.] 497*a ;* 1 *Ibid,* 238 ; 2 Archb. Cr. Pr., 384. (2) It was error in the court to admit any evidence of value. The indictment charged the larceny (among other things) of ''one valise and contents.'' This was bad for uncertainty. It must specify the number and value of each species or kind of the articles charged to have been stolen. *Potter v. State*, 39 Texas, 388 ; *United States v. Burroughs*, 3 McLean, 405 ; *People v. Jackson*, 8 Barb. 637. (3) The court erred in giving the second instruction for the state. 3 Greenleaf on Evid., sec. 31 ; Starkie on Evid., 840 ; 2 Best on Evid., sec. 323 ; 2 Russ. on Crimes [9 Ed.] sec. 337 ; *Fisher v. State*, 46 Ala. 717 ; *People v. Chambers*, 18 Cal. 382 ; *State v. Hodge*, 50 N. H. 510 ; *State v. Reid*, 20 Iowa, 413 ; *Littlejohn v. State*, 59 Miss. 273 ; *Stokes v. State*, 58 Miss. 677 ; *Grave's Case*, 12 Wis. 591 ; *Hall's Case*, 8 Ind. 440 ; *Perry's Case*, 41 Texas, 483 ; *Thompson v. State*, 49 Texas, 272 ; *Jones' Case*, 12 Ill. 259. (4) The court should have instructed the jury that it was necessary that the value of each article separately should have been stated in the indictment, and so proved, in order to convict the defendant. (5) The defendant's motion for new trial should have been sustained.

The State v. Beatty.

*B. G. Boone,* Attorney General, for the state.

(1) An indictment which charges the stealing of several different things at the same time, and states their aggregate value is sufficient. 1 Whar. Cr. L. [8 Ed.] sec. 952 ; 2 Bish. Cr. Proc. [3 Ed.] sec. 714 ; *State v. Barker,* 64 Mo. 282 ; *State v. Davis,* 73 Mo. 129 ; *State v. Hood,* 51 Me.'363 ; *Clifton v. State,* 3 Blkf. (Ind.) 224 ; *State v. Murphy,* 8 Blkf. 498 ; *State v. Hart,* 29 Iowa, 268 ; *State v. Merrill,* 44 N. H. 624 ; *State v. Gerrish,* 3 Eastern Rep. 507. (2) The stealing of several articles at the same time and place constitutes but one offence. *Lorton v. State,* 7 Mo. 55 ; *State v. Daniels,* 32 Mo. 558 ; *State v. Morphin,* 37 Mo. 337 ; *State v. Hennessey,* 23 Ohio, St. 339 ; *Wilson v. State,* 45 Texas, 77 ; *Laupher v. State,* 14 Ind. 327 ; *Williams v. State,* 10 Humph. 101. (3) The mere possession of goods recently stolen is presumptive evidence of guilt. *State v. Wolff,* 15 Mo. 168 ; *Fackler v. Chapman,* 20 Mo. 249 ; *State v. Gray,* 37 Mo. 463 ; *State v. Creason,* 38 Mo. 372 ; *State v. Williams,* 54 Mo. 170 ; *State v. Lange,* 59 Mo. 418. Such possession, if not explained by direct evidence, or in some satisfactory way, is to be taken as conclusive evidence that the defendant is guilty. *State v. Bruin,* 34 Mo. 537 ; *State v. Gray, supra; State v. Hill,* 65 Mo. 84 ; *State v. Robbins,* 65 Mo. 443 ; *State v. Kelley,* 73 Mo. 608 ; *State v. Brown,* 75 Mo. 317. If a portion of goods stolen are found in the possession of a defendant, this fact, in connection with other concurring circumstances, will warrant a jury in finding him guilty of stealing them all. *State v. Barker,* 64 Mo. 282 ; *State v. Davis,* 73 Mo. 133 ; *State v. Sidney,* 74 Mo. 391 ; *State v. Owens,* 79 Mo. 619.

BLACK, J.—The indictment charges the defendant with stealing "one overcoat, one vest, one pair of pants,

one valise and contents, all of the value of one hundred dollars."

The state offered evidence to the effect that the articles were all stolen at the same time from the room of the prosecuting witness and were of the aggregate value of one hundred dollars; that the defendant sold the coat, pants and vest to a pawn broker in a day or two after the theft for nine dollars; that he evaded the officers when about to be arrested by running and secreting himself in a house. The defendant objected to the evidence as to the collective value of the property on the ground that the indictment charged him with stealing several articles, and failed to allege the separate value of each, and the separate value of each article not having been stated, no evidence of value at all should be received. In continuation of the same objection defendant asked the court to instruct the jury that the value of each article must be shown, and that it was not sufficient to prove the collective value, which was refused.

It is the general, and by far the better, practice to assign a value to each article or separate piece of property, yet in several of the states it is held that where the verdict of guilty is general the judgment will not be arrested because the specific value of each article of property alleged to have been stolen is not stated. *Clifton v. State*, 5 Blackf. (Ind.) 224; *State v. Murphy*, 8 Blackf. (Ind.) 498; *State v. Hood*, 51 Me. 363. A statement of the value of a horse and pistol separately, and of a buggy and harness together was held to be sufficient in *State v. Hart*, 29 Iowa, 270. Bishop says in his Criminal Procedure [3 Ed.] volume 2, section 714, that "in strict law, looking to the indictment alone, there is no objection to stating simply an aggregate value of the whole." The indictment then being good, where it states only the collective value of the property, it follows that proof of the aggregate value may be received.

The point made, that there is no evidence that the defendant stole the valise and contents, and hence, the value proved being only as to the whole, there was no evidence that he stole property of the value of thirty dollars or more, is not well taken.   It has been several times held that recent possession of a part of the property stolen, with other circumstances, will justify the jury in finding that the person, thus possessed of a part, stole the whole.   *State v. Barker*, 64 Mo. 282; *State v. Davis*, 73 Mo. 130; *State v. Owen*, 79 Mo. 619.   The evidence in this case is ample to support the finding of the jury.   This disposes of all of the questions involved in the exceptions before noted, and it is to be observed there was a general verdict of guilty, and no motion to quash or in arrest was filed.   The second instruction relates to the presumption of guilt arising from recent possession of stolen property, and is in accord with rulings of this court heretofore made in *State v. Robbins*, 65 Mo. 443; *State v. Kelley*, 73 Mo. 608; *State v. Brown*, 75 Mo. 318, and other cases therein cited, and to which we still adhere.

The judgment in this case is, therefore, affirmed. Henry, C. J., dissents.   The other judges concur.

<div align="right">

90  147
38a 633

90  147
44a 329

90  147
54a  28

90  147
78a  98

90  147
87a 289