[No. 276.  Decided March 29, 1892.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS
BREW, *Appellant.*

LARCENY—INDICTMENT—ALLEGATION OF VALUE.

It is not necessary in an information or indictment charging the
larceny of several articles to allege the value of each separate article
charged to have been stolen.

*Appeal from Superior Court, San Juan County.*

Information against Thomas Brew, charging him, with
two other parties, with stealing certain carpenters' tools,

"of the value of fifty dollars." From a judgment of conviction defendant appeals.

*Robertson & Jennings*, for appellant.

*R. E. Moody*, Prosecuting Attorney, and *James A. Haight*, for The State.

The opinion of the court was delivered by

DUNBAR, J.—The only question that can be considered by the court in this case is the sufficiency of the indictment. No statement of facts has been settled or certified, and a certificate of the clerk of what occurred at the trial could not be notice to this court. The office of a statement of facts is to bring to the notice of this court the very questions sought to be brought to its notice by the certificate of the clerk. In this case the indictment, in substance, charges the crime of grand larceny, committed by stealing a lot of carpenter tools, respectively described, and estimated to have a lump value of fifty dollars; and it is contended by appellant that the indictment does not state facts sufficient to charge the appellant with crime under the laws of this state; but that it is necessary to allege the value of each separate article or thing charged to have been stolen. We think the extent to which the courts have gone on this proposition is that where a lump value is given, and the proofs show that only a part of the articles alleged to have been stolen was stolen, the variance is fatal. It is true that it is stated as a general rule in § 206 of Wharton's Criminal Pleading and Practice that "When, as in larceny or receiving stolen goods, personal chattels are the subject of an offense, they must be described specifically by the names usually appropriated to them, and the number and value of each species or particular kind of goods stated." But it is evident from the whole text, and cases cited to sustain the proposition, that it is stated only with

reference to a question of variance between the indictment
and the proof; for the learned author refers to Wharton's
Criminal Evidence, §§ 121–6, which treat exclusively of the
variance between the indictment and the proof; and the
sufficiency of the indictment to charge a crime is not dis-
cussed at all.   As to *People v. Coon*, 45 Cal. 672, cited by
Wharton, it was decided that where the indictment charged
the defendant with stealing five certificates of shares of stock
of a certain number, and the proof showed there was but
one such certificate, there was a fatal variance.   So in *Hope
v. Commonwealth*, 9 Met. 134, cited by the appellant, while
the court states that the well settled practice has been that
of stating in the indictment the value of the articles alleged
to have been stolen, the opinion as a whole shows conclu-
sively that the application was to a question of variance;
for the question decided is shown by the concluding lan-
guage of the opinion, which is as follows: "Our statutes,
it will be remembered, prescribe the punishment for larceny
with reference to the value of the property stolen; and for
this reason, as well as because it is in conformity with long
established practice, the court are of the opinion that the
value of the property alleged to be stolen must be set forth
in the indictment, and that where an indictment alleges a
larceny in various articles, and adds only the collective
value of the whole, such allegation is not sufficient where
the defendant is not found guilty of the larceny as to the
whole.   The plain inference is, that the allegation *would*
have been sufficient if the defendant had been found guilty
of the larceny as to *all* the articles; or, in other words,
that the allegations were sufficient to charge a crime.   In
*McCarty v. State*, 1 Wash. 377 (22 Am. St. Rep. 152), the
general proposition was stated that the value of each ticket
should have been alleged; but the main proposition
decided, as shown by the authorities cited, was that the
information should have shown that they were genuine,

effective tickets, and that unstamped, undated and unsigned railroad tickets were not the subject of larceny.

It is stated in 2 Bish. Crim. Proc., § 714, "that the ordinary and practically best form of the allegation is to add the value of each specific article;" and this, the author says, is necessary so that if one is inadequately laid, or is not proved, the averment as to it alone may be rejected; but adds, that in strict law, looking to the indictment alone, there is no objection to stating simply an aggregate value of the whole. The same doctrine is announced in *State v. Hart*, 29 Iowa 268; *State v. Murphy*, 8 Blackf. 498; *State v. Beatty*, 90 Mo. 143 (2 S. W. Rep. 215); *State v. Buck*, 46 Me. 531; 12 Amer. & Eng. Enc. of Law, 818; *State v. Hood*, 51 Me. 363; *Meyer v. State*, 4 Tex. App. 121. In fact the overwhelming weight of authority sustains this view. We think there is nothing in the contention that the information is bad for duplicity.

The judgment of the lower court is therefore affirmed.

ANDERS, C. J., SCOTT, HOYT and STILES, JJ., concur.