## THE STATE v. O'CONNELL, *Appellant.*

### Division Two, May 31, 1898.

1. **Larceny:** CHOSES IN ACTION: DEPOSIT CHECKS. The stealing of choses in action, such as certificates of deposit of money deposited in a bank, is larceny in this State. And the amount of money collectible on such certificate is *prima facie* evidence of its value.

2. —— : —— : —— : NECESSARY AVERMENT. It is not necessary that an indictment charging the theft of a certificate of deposit, should state "the amount due thereon or secured thereby and remaining unpaid."

3. —— : —— : —— : SUFFICIENCY. An indictment which specifies the amount of the bank deposit certificate and the bank by which issued and states that a fuller description thereof is to the grand jurors unknown, if supported by the evidence, is sufficient. (Distinguishing *State v. Murphy,* 141 Mo. 267.)

4. —— : SEVERAL ARTICLES: SEPARATE VALUE. Where several articles are stolen at the same time by the same act from the same person, there is but one larceny, and it is not error not to allege the separate value of each article stolen, but it is sufficient to charge their value in the aggregate.

5. —— : FROM BAILEE. Where bailed goods are stolen by a stranger, ownership may in the indictment be laid in the bailor or bailee, principal or agent.

*Appeal from St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*John A. Gernez* for appellant.

(1) At common law mere choses in action, as bonds, bills and notes were not goods whereof larceny could be committed. *State v. Porter,* 75 Mo. 171;

*People v. Loomis*, 4 Denio, 382; *Wilson v. State*, 1 Porter, 120; *State v. Steffins*, 132 Mo. 332. (2) Our statute has not changed the common law in this respect except as to notes which have been delivered to the payee by the maker or indorser thereof. *State v. Porter*, 75 Mo. 171. (3) In pleading the two different certificates (the certificate of deposit in the bank and the stock certificate) the indictment should have charged "the amount due thereon or secured thereby and remaining unsatisfied. R. S. 1889, sec. 3539; *People v. Loomis*, 4 Denio, 380; *State v. Kroeger*, 47 Mo. 530; *State v. Murphy*, 141 Mo. 267.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) To common law larceny, it may be said the provisions of sections 3535 and 3539 have been added, and the certificate of deposit being an obligation due from the bank and included in the statute constituting statutory larceny, it is a proper subject of larceny. Gillette's Crim. Law, sec. 535; *People v. Griffin*, 39 How. Pr. 475; 1 McClain's Crim. Law, 595; 1 Bishop's Crim. Proc., sec. 595; 2 Bishop's Crim. Proc., sec. 731. (2) As to the certificate of stock it may also be said that at common law it would not be a subject of larceny save as to the value of the small piece of paper represented. But under the sections above referred to, it may be said to represent an interest in property and is therefore made a subject of larceny. The value of the instrument exists not in itself, but the right which it represents. *People v. Griffin*, 39 How. Pr. 475; 2 Bishop's Crim. Law, 768; *State v. Campbell*, 103 N. C. 344; *Com. v. Brettun*, 100 Mass. 206; *People v. Payne*, 6 Johns. 103. (3) Nor can it be held that the indictment is insufficient in so far as the description of the

money stolen is concerned. *People v. Brown*, 29 Mich. 232; *State v. Hammond*, 121 Ind. 512; *State v. Graves*, 121 Ind. 357; *State v. Burnett*, 81 Mo. 119; *State v. Moore*, 66 Mo. 372. (4) Under a statute making bills, notes, securities and evidence of interest and property subject to larceny it is not necessary to describe the instrument stolen more particularly than other property, and a description of the instrument by its usual name and the amount of the face thereof with its value is sufficient. *Com. v. Brettun*, 100 Mass. 206; *Com. v. Whalen*, 90 Va. 545; *Com. v. DuBois*, 50 Ala. 139; *State v. Pierson*, 96 Iowa, 271; *State v. Hall*, 85 Mo. 669; *State v. Brin*, 30 Minn. 522; *Com. v. Grimes*, 10 Gray, 470. (5) The indictment charges all property stolen to be of the value of $500. It has been repeatedly held that in a charge of larceny of several articles it is sufficient to allege the value thereof in the aggregate. *State v. Monk*, 40 Ohio St. 558; *State v. Brew*, 4 Wash. 95; *State v. Thompson*, 43 Tex. 268; *State v. Beatty*, 90 Mo. 143; *State v. Lorton*, 7 Mo. 55; *State v. Daniels*, 32 Mo. 558; *State v. Morphin*, 37 Mo. 337; *State v. Wilson*, 45 Tex. 77. (6) The only necessary requirement to constitute grand larceny is that the value of the articles that are proven in evidence to have been stolen should aggregate a sum greater than $30. *State v. Beatty*, 90 Mo. 143; *State v. Monk*, 40 Ohio St. 588; *State v. Buck*, 46 Mo. 531; *State v. Hood*, 41 Mo. 363; *State v. Jackson*, 69 Mo. 249. (7) There is no variance between the proof and the allegation contained in the indictment so far as the alleged ownership is concerned. As to the certificate of stock the evidence discloses that it belonged to the husband of Mrs. Callie Hamilton, the prosecuting witness, although she had it in her care and custody at the time. The rule in matters of this character is that where there is ownership in one person and possession in another, as special bailee or

custodian, it is optional to charge the ownership as in the real owner or in the person in possession of the property. *State v. Graham,* 55 N. H. 152; *State v. Sullivan,* 104 Mass. 552; *Com. v. O'Hara,* 10 Gray, 469; *Com. v. Moore,* 14. Mass. 217; *People v. Phillips,* 72 N. Y. 334; *State v. Mullen,* 30 Iowa, 205; *People v. Quinn,* 132 Ill. 333; *State v. Moore,* 101 Mo. 316; *State v. Kennedy,* 31 Fla. 428; *State v. Flower,* 100 Ala. 96; 2 Bishop's Crim. Law, sec. 824.

GANTT, P. J.—On the sixteenth day of November, 1896, Mrs. Callie Hamilton, who resided at number 1827 Olive street in the city of St. Louis, while walking on Olive street between Twenty-seventh and Twenty-eighth, about 3:30 o'clock in the afternoon, saw defendant approaching her as if he recognized her and with his hand extended, as she thought, to speak to her and shake hands with her, and thinking he was an acquaintance she looked up in his face when he suddenly snatched her purse and ran away. She at once pursued him, and several men and boys joined in the pursuit but he escaped. The police department was at once notified and defendant was arrested, and Mrs. Hamilton positively identified defendant as the thief. She testified that her purse or pocket-book contained when defendant snatched it about $16 in cash, a certificate of deposit issued to her by the Mechanics Bank of St. Louis; ten shares of stock of the par value of $1,000 in the Universal Light and Power Company, a corporation organized under the laws of this State, and a ruby about three or four carats, an old family heirloom which she had never had valued. The stock she thought was worth par, as she was not aware it had either appreciated or depreciated, as the corporation was yet a new one. Her husband had paid $1,000 for it. The certificate of deposit

was for $250 she had deposited in her own name in the Mechanics Bank. The stock belonged to her husband. Officer Caudell testified he saw the crowd following the man, and he answered the description of the prisoner, though he could not positively identify the prisoner as the man. Officer Badger, who effected the arrest, testified he was dressed in a brown suit corresponding to that described as worn by the party who stole the purse. John F. Frew, a witness called by defendant, testified as follows: He resided at 412 Garrison avenue, and on the sixteenth day of November, 1896, he was engaged in the carpenter business at 311 N. Leffingwell street. He remembered the larceny that occurred to Mrs. Hamilton on that day; he was standing in his shop door and saw a man running across the street with something in his hand; he thought he was after somebody, and a little boy hollowed and told him to stop him, that he had a lady's pocket-book; he tried to stop him; "I got very close to him; I saw his face a half dozen times; he went north on 28th street from Olive until he got opposite my shop, and then came across the street; he crossed the street, facing me, and ran up the alley; I followed him on up to Garrison avenue, I believe it was, and he got over the fence; the defendant there looks terribly like the man I chased; he looks very much like him; I could not swear that he is the man, but he is built a great deal like him." Mr. Camera, another witness, testified he saw the pursuit and was of the opinion that the man he saw running was not the prisoner, but he was back in his store forty feet from the door. No objections were taken to the instructions of the court, and defendant's counsel concedes they were correct. The contention of defendant is that the indictment and evidence are insufficient to sustain a conviction of grand larceny, and secondly that the judgment should be

reversed on account of improper remarks made by the prosecuting attorney in misstating the evidence and in alluding to the failure of defendant to testify.

I.    The indictment charges that the defendant on the sixteenth day of November, 1896, at the city of St. Louis, one pocketbook, two tax receipts, $27.50 lawful money of the United States, one ruby stone, one certificate of ten shares of the capital stock of the Universal Light and Power Company, a corporation organized under the laws of the State of Missouri, and one certificate of deposit of the Mechanics Bank of St. Louis, good for the payment of $200, the description of which said certificate of deposit is to the grand jurors unknown, all of the value $500, and all the money, goods, chattels and personal property of Callie Hamilton, then and there being found, feloniously did then and there steal, take and carry away with the intent then and these to deprive the owner of the use thereof and to convert the same to his own use contrary to the form of the statute in such case made and provided and against the peace and dignity of the State.

It is insisted, *first*, that the certificate of deposit issued by the Mechanics Bank of St. Louis to Mrs. Hamilton for the moneys deposited by her in said bank and which is alleged·in the indictment· to be good for the payment to her of $200, is not the subject of larceny under the laws of Missouri. Choses in action were not the subject of larceny at common law, but by express statute they are made so in this State. R. S. 1889, secs. 3535 and 3539. Section 3535 makes the felonious stealing of "*any right in action*" of the value of $30 grand larceny. Section 3539 is as follows: "If the property stolen consist of any bond, covenant, note, bill of exchange, draft, order or receipt, or any other evidence of debt, or of any public security issued by the United States or this State, or any instrument

whereby any demand, right or obligation shall be assigned, transferred, created, increased, released, extinguished or diminished, the money due thereon or secured thereby, and remaining unsatisfied, which, in any event or contingency might be collected thereon, or the value of the property transferred or affected, as the case may be, shall be deemed *prima facie* evidence of the value of the article so stolen." That a certificate of the deposit of money will fall within the general term "right in action" used in section 3535 can not admit of discussion. Hence the first contention of defendant must be ruled against him.

II. He makes a more specific objection to the indictment, namely, that conceding the certificate of deposit is such an instrument that the stealing thereof would be grand larceny, this indictment is bad because the pleader has omitted the words "the money due thereon or secured thereby and remaining unsatisfied" · found in section 3539. Section 3539 is in all respects similar to the New York statute of 1862 (2 N. Y. Stats. at Large, 699, mar. page 679, sec. 66) save that the New York statute instead of providing as section 3539 does that the amount specified in the stolen instrument shall be *"prima facie* evidence of the value of the article so stolen," enacts that "it shall be deemed the value of the article so stolen." In *Phelps v. People,* 72 N. Y. 334, the identical point now under consideration was made, viz., that the indictment did not allege "the amount due thereon or secured thereby and remaining unsatisfied" but the court of appeals replied that, "this section does not make any part of the description of the offense; it prescribes a rule of evidence and furnishes a mode of providing the value of the draft stolen." Says the court: "The very reason of the passage of the statute, making choses in action the subject of larceny, was the rule of common law, that their

whole inherent value being the price of the paper it was too insignificant to be worthy of punishment.    4 B'l. Com. 234; 2 East P. C. 597.    Our statute has arbitra- rily made them the subject of grand larceny, if the value be over twenty-five dollars (the Missouri statute over $30), and mindful of this rule of the common law the statute has declared that the guage of value shall not be the worth or price of the paper on which they are written, but the power which the writing on them has to obtain money. . . . The rule of the com- mon law does not avail against it; because the law making power has said, notwithstanding that rule, stealing a chose in action will be grand larceny here- after if the proof can be made of value to the amount fixed, and then seeing how great the difficulty would be of making that proof, it has further said we also give you this new rule of value for this case.    But it no more made the means by proof of showing the value of a part of the offense than the common law did when it declared the stealing of a horse or other chattel to be a larceny.    There was the same rule in effect as to chattels as there was as to choses in action; if value- less, the law did not deem it an offense to take them, so it was and is a rule that value must be averred and shown.    Phipoe's case, 2 Leach Cr. L. 774; Starkie's Crim. Pl. 450.    But the reasons why there is value to them . . . . . . . are not a part of the offense requir- ing an averment of them in the indictment."    This is such a clear exposition of the statute and its reason, that we adopt it as a proper construction of our own. Whalen v. Com., 90 Va. 544; 2 Bish. Crim. Proc. [3 Ed.], sec. 732.    It was then wholly unnecessary to use the words indicated to make a valid indictment.

III.    Counsel urge that the indictment is too in- definite and cites State v. Murphy, 141 Mo. 267. Reference to that case will show the language of the

indictment was "one check for the sum of one dollar and thirty-five cents." Without this check the amount stolen would have been less than $30. Burgess, J., said: "It did not show the date of the check, nor did it show by whom or upon what bank it was drawn," and consequently we held it was entirely too indefinite. But in this case the indictment charges and the proof sustains it, that the certificate of deposit was issued by the Mechanics Bank of St. Louis for $200, and was the property of Mrs. Hamilton, and that the grand jurors because of their inability to see the stolen certificate were not able to give a more specific description thereof. It must be remembered that the thing to be described was the certificate of deposit and the reason the grand jury could not give a more definite description of the writing was that it was not in the possession of Mrs. Hamilton, or the grand jury, but as the evidence very conclusively indicated was either in the possession of defendant, or had been destroyed by him, and thus the case is clearly brought within that exception which dispenses with a more specific description simply be- cause the evidence as to its exact terms could not be produced, but the amount *of the deposit, and the bank which issued the certificate to Mrs. Hamilton* were alleged, and these clearly distinguish the case from *State v. Murphy, supra,* and *State v. Kroeger,* 47 Mo. 530, and from that class of cases like *State v. Stowe,* 132 Mo. 199, and *State v. Thompson,* 137 Mo. 620.

IV. Nor is the objection tenable that the pleadeɪ did not allege the separate value of each of the articles stolen. The stealing of several articles at one and the same time and by the same act, constitutes but *one* larceny. *State v. Lorton,* 7 Mo. 55; *State v. Daniels,* 32 Mo. 558; *State v. Morphin,* 37 Mo. 373. And where the indictment thus charges the larceny of several arti- cles it is sufficient to charge their value in the aggregate

as was done in this indictment.   2 Bish.  Crim.  Proc. [3 Ed.], sec. 714; *State v. Beatty*, 90 Mo. 143.

V.   As to any supposed variance between the allegations of the indictment and the proofs it is sufficient to say that the indictment being sufficient, whether the evidence offered tended to support it became a question of competency, and this the defendant waived by making no objections thereto, and by saving no exceptions.   The circuit court did not find it material or prejudicial   R. S. 1889, sec. 4114; *State v. Barker*, 64 Mo. 282; *State v. Sneed*, 91 Mo. 552; *State v. Wammack*, 70 Mo. 410.

VI.   Having considered the objections both in the indictment and evidence, to the charge as to stealing the certificate of deposit, and held they are not sustainable, we still are of opinion that there was ample evidence to convict on the charge of stealing the ten shares of stock in the Universal Light and Power Company, a corporation organized under the laws of this State. No objection to the pleading of the larceny of this stock can be sustained and the proof was that it was worth $1,000 and there was no objection or exception saved as to this evidence.   As to the point that Mrs. Hamilton was only the bailee of this stock it was ruled in *State v. Moore*, 101 Mo. 316, that "when bailed goods (as in this case) are stolen by a stranger, ownership may be laid either in the bailor or bailee, principal or agent."   Wharton's Cr. L. [9 Ed.], sec. 932a; 2 Bish. Cr. Law, sec. 824.

VII.   The point as to the prosecuting attorney referring to the defendant's failure to testify is based upon a misapprehension of the speech.   No such reference was made and his comments on the testimony of Frew were legitimate. *State v. Kelly*, 73 Mo. *loc. cit.* 614.

Having considered all the exceptions urged, we affirm the judgment.   SHERWOOD and BURGESS, JJ., concur.