BONE *v.* THE STATE. BREWER *v.* THE STATE.

CANDLER, J. 1. "The description of a thing must be always one of degree. . . Certainty to a reasonable intent is all the law requires." *Brown* v. *State*, 44 *Ga.* 301.

2. The indictment charged but one offense ; and the description of the articles alleged to have been stolen, taken all together, was sufficiently definite to identify the transaction under investigation, was full enough to put the accused persons on notice of what they were charged with having stolen, and gave them all the information to which they were entitled to enable them to prepare for trial.

3. When the larceny of several articles is charged in one bill of indictment, it is the better practice to set out the value of each article; but it is not indispensable to the validity of the indictment that this should be done. The indictment is good if it alleges merely the aggregate value of the articles charged to have been stolen. 2 Bish. New Cr. Proc. § 714; State v. Brew, 4 Wash. 95, 31 Am. St. Rep. 904; State v. Beatty, 90 Mo. 143; State v. Hart, 29 Iowa, 268; State v. Buck, 46 Maine, 531; State v. Hood, 51 Maine, 363; Meyer v. State, 4 Tex. App. 121.

*Judgment affirmed. All the Justices concur.*

Argued July 19, — Decided August 10, 1904.

Indictment for larceny from the house.     Before Judge Roan. Fulton superior court.     June 1, 1901.

Julius Bone and Cliff Brewer were jointly indicted for larceny from the house.     The indictment alleged, that on a specified day they "did, from the Union Passenger Depot building in said county being found, wrongfully, fraudulently, and privately take, steal, and carry away with intent to steal the same, one suit case containing seven shirts, ten suits of underwear, two night shirts, half dozen collars, three pairs of hose, four red books, one grip containing combs and brushes, one engineer's report on mineral property, all of the value of one hundred and fifty dollars and the property of T. R. Jones, contrary to the laws of said State," etc.     Each of the defendants demurred on the following grounds: The suit case and valise are not described sufficiently to put the defendant on notice of the kind or value of the same.     In alleging the contents of the suit case the value of the articles named is not alleged.     The indictment does not put the defendant on notice of the name of the engineer who made the report, or of what land the report has reference to, or give its value or a description sufficient to identify it; and it fails to set out the name of the four red books, or their size.     The demurrers were overruled, and the defendants excepted.

*T. W. Rucker* and *Bishop & Ripley* for plaintiffs in error, cited *Ga. R.* 86/724; 114/75; 120/490.

*C. D. Hill, solicitor-general,* contra, cited 2 Bish. New Crim. Proc. § 714.