Johnnie BENNETT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12532.

Criminal Court of Appeals of Oklahoma.
April 16, 1958.

K. C. Beauchamp, Jr., Duncan, Purman Wilson, Purcell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Johnnie Bennett, plaintiff in error, hereinafter referred to as defendant, was charged by information in the District Court of Stephens County with the crime of Grand Larceny, tried before a jury, convicted, and the punishment left to the trial court who sentenced defendant to serve a term of two years in the Oklahoma State Penitentiary.

The evidence reflects that the charge was filed upon the following set of facts as are accurately set forth in the brief of defendant in error, as follows:

That either on the night of March 15, 1957, or the early part of the morning of March 16th, the tool house on an oil and gas lease, located in Stephens County about sixteen miles east and three south of Dun-

can, was broken into and there was missing one set of 4½ inch elevator, one set of 4½ inch bottle neck elevator, one set of 8⅝ inch elevator with side latch, one set of Webb-Wilson pipe tongs with 4½ inch heads, one 11 inch OSC–3 Hughes Drilling Bit, Serial #50346, and one C.P. 7⅞ inch retip drilling bit, of the total value of $1,600, the personal property of R. V. Dillard, a drilling contractor residing at Duncan.

The evidence showed that sometime between 2 and 3 o'clock on Saturday afternoon, March 16th, defendant was arrested by Duncan police officers for driving his automobile on a public highway while under the influence of intoxicating liquor. The defendant and his car were brought to the police station in Duncan, and about thirty minutes later, he was turned over to the Sheriff and was placed in the county jail, and later charged with driving while intoxicated.

Shortly after defendant had been placed in the county jail, the police officers searched his car and found in the trunk compartment two drilling bits, which were identified at the trial by the owner, R. V. Dillard, and other state witnesses, as being the two drilling bits taken from the tool house on the date of the alleged offense.

The large 11 inch bit and the smaller 7⅞ inch bit (which were found in defendant's car) after being identified, were introduced in evidence as State's exhibits 1 and 2.

James Rose, Sheriff of Stephens County, testified in substance that it was on Monday morning, March 18th, when he first received information that some oilfield equipment was missing from Mr. Dillard's lease. That about 10 o'clock on Thursday night, March 21st, in company with other officers, he went to a place located about two miles east of the Sunray refinery, in Stephens County, and they found three sets of elevators and a set of 4″ tongs in the garage, located about 100 feet back of the dwelling house. He later learned that the place where the equipment was found be-

longed to a Mrs. Ragan, living in Duncan. He testified that Mr. Dillard later arrived at the garage that night and identified the equipment as being a part of the property taken from his lease.

The witness further testified that he later had occasion to talk with the defendant concerning the missing equipment, and defendant told him that he and Bob Carter found the bits in a bar ditch out at the Oklahoma Hills. Witness asked defendant if he would take him out there and show him where he had found the bits. Witness said when they got out there they didn't see a bar ditch, or anything to indicate that the bits had been thrown out on the ground. He said when defendant saw there was no bar ditch there, defendant then picked out another place where he said he had found the bits.

Defendant did not take the stand in his own behalf, but chose to stand upon a demurrer to the evidence at conclusion of state's testimony.

■ ■ ■ The defendant relies for reversal upon four assignments of error:

1. That the court erred in overruling demurrer to the information.

2. That the court erred in overruling demurrer to the evidence.

3. That the court erred in overruling defendant's motion to suppress evidence.

4. That the court erred in permitting evidence upon items alleged to have been stolen but never introduced in evidence and failing to give requested instructions to strike from consideration of jury those items alleged in information but not introduced.

The assignments will be discussed in the order presented. The charging part of the information to which defendant demurred read as follows:

"That is to say, the said defendant, in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wil-fully, unlawfully and feloniously take, steal and carry away by stealth and fraud, from the possession of R. V. Dillard, and without the knowledge and consent of the owner thereof, one set of 4 inch elevator, one set of 4 inch bottle neck elevator, one set of 8⅝ inch elevator with side latch, one set of Webb-Wilson pipe tongs with 4½ inch heads, one 11 inch OSC–3 Hughes Drilling Bit, Serial #50346, and one C.P. 7⅞ inch retip drilling bit, of the total value of $1,600.00, good and lawful money of the United States of America, and the personal property of the said R. V. Dillard, the said taking, stealing and carrying away of said property on the part of the said defendant was with the unlawful, wrongful and felonious intent to appropriate the same to his own use and benefit, and to deprive the said rightful owner permanently thereof, contrary to the form of the Statutes, in such cases made and provided, and against the peace and dignity of the State of Oklahoma."

We have examined thoroughly the contents of the information as to its sufficiency and find it contains the necessary elements to properly charge the crime of Grand Larceny. This court has often said that the true test of an information is not whether it might possibly have been made more certain but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of which he must be prepared to meet. In the case of Scott v. State, 40 Okl.Cr. 296, 268 P. 312; see also Burns v. State, 72 Okl.Cr. 409, 117 P.2d 144:

"An information is sufficient which informs an accused of the offense with which he is charged with such particularity as to enable him to prepare for his trial, and so defines and identifies the offense that, if convicted or acquitted, he will be able to defend himself against any subsequent prosecution for the same offense."

We are of the opinion that the information in the case at bar amply met these requirements and that the court was justified in overruling defendant's demurrer.

The defendant further contends the court erred in overruling the demurrer to the evidence. We have carefully examined the evidence and though it presents a close question, we deem it sufficient to support the charge of Grand Larceny. A portion of the items alleged to have been stolen were found in the automobile of the defendant, locked in the rear compartment of said vehicle. It was in the possession of the defendant. The defendant offered no explanation as he did not testify in his own behalf.

This court has held in numerous cases that the possession of stolen property recently after the larceny thereof, when unexplained, may be sufficient to warrant the jury in inferring the guilt of the party in whose possession it is found and whether such inference should be drawn is a fact exclusively for the jury. See Weber v. State, 29 Okl.Cr. 55, 232 P. 446; also, Ballard v. State, 68 Okl.Cr. 39, 95 P.2d 239. We are of the opinion the trial court did not err in overruling the demurrer to the evidence.

Defendant's third assignment of error is based upon the court's failure to sustain a motion to suppress the evidence found in defendant's automobile. The evidence reveals that defendant was arrested by police officers for driving while under the influence of intoxicating liquor. The defendant and his car were taken to the police station and approximately 30 minutes later turned over to the sheriff and placed in the county jail and later charged with driving a motor vehicle while under the influence of intoxicating liquor. About 30 or 45 minutes after defendant's arrest, a search was made of his car and two drilling bits were found; the two bits being a part of the items alleged to have been stolen. The defendant contends that the search was not incident to the arrest because of the time which expired between the arrest and the search. With this the court cannot agree in view of its previous ruling. This court said in the case of Callahan v. State, 42 Okl.Cr. 425, 276 P. 494:

"Where the defendant is arrested by officers charged with driving a car while intoxicated and lodged in jail, and possession of the car he was driving retained by the officers under their direct supervision, the court did not err in admitting the evidence secured by the search of defendant's car four or five hours after the officers took possession of the car."

Also, see Richardson v. State, 97 Okl.Cr. 370, 264 P.2d 371.

There was evidence presented relative to other items set forth in the information as being taken by the defendant. These items were found on the private property of a third person, located in a garage building on the property and near the residence of a Mrs. Ragan. The evidence as to the discovery of these items was as follows:

"Q. Some time about that date was it called to your attention about some oil field equipment being missing from Mr. Dillard's lease? A. It was.

"Q. Recall what day you first found out about it, sir? A. I believe it was on Monday morning, I believe it was to the best of my knowledge.

"Q. Concerning this, did you have occasion to go with any other people to a scene approximately two miles and a half east of the Sunray Refinery? A. Yes.

"Q. What time did you go there? A. That was on Thursday, the 21st.

"Q. About what time of day or night was it? A. It was about 10:00 o'clock one night when I got out to the place.

"Q. And just where was that located? A. Well, I'd say it's two miles, maybe a little over, due east of the Sunray Refinery.

"Q. And what did you find there?
A. Found three sets of elevators and a set of 4″ tongs.

"Q. And, who was there? A. No one.

"Q. When you arrived? A. No one was there when I arrived.

"Q. Who arrived there about the same time you did? A. Deputy Sheriff Allan Jones and Zachary, a policeman.

"Q. And, did anyone else come later? A. Yes.

"Q. Who was that person, if you know? A. R. V. Dillard and his wife and then you come.

"Q. Did Mr. Dillard do anything in relation to these elevators and tongs that you found there? A. He did. He identified them as being the equipment being stolen off of his lease.

"Q. Now, would you state where these items were found—where were they? A. In a garage.

"Q. And, where was this garage located in relation to the road? A. On the north side of the road.

"Q. Was there a house there? A. Yes, sir.

"Q. How far was it from the house? A. I'd say about 100 feet from the house, the back end of the house.

"Q. And, what was the condition of the garage? The garage doors? A. The garage doors, it was a double garage, and the garage doors on this particular side was up about three feet and we could see the equipment laying in there.

"Q. Did you find out who owned that place? A. Yes, sir.

"Q. Who? A. A lady here in town by the name of Mrs. Ragan.

"Q. Do you know where she is at this time? A. I do not."

It is to be noted that the record is void of any evidence connecting the defendant with these items. They were merely discovered in a Mrs. Ragan's garage. There was no connection shown between defendant, Mrs. Ragan, or her property. Though she was subpoenaed she did not appear at trial and evidently no further effort was made to obtain her presence. If there was a connection between the defendant and the property where the items were found, the witness Ragan may have been able to supply the missing link, but she was absent from the proceedings and the state presented no testimony tying defendant with the items found or the property where they were stored. This, in the opinion of the writer, is the only real problem herein involved. Without any connection being shown, the testimony relative to the items being found in Mrs. Ragan's garage should have been excluded. The crime charged was Grand Larceny. Tit. 21 O.S.A. § 1704, states:

"Grand larceny is larceny committed * * * when the property taken is of value exceeding twenty dollars."

The information in the instant case charged the defendant with the taking of the following items:

1 set of 4½″ elevators

1 set of 4½″ bottle neck elevators

1 set of 8⅝″ elevators with side latch

1 set of Webb-Wilson pipe tongs with 4½″ heads

1 11″ OSC–3 Hughes Drilling Bit Serial #50346

1 C.P. 7⅞″ retip drilling bit of the total value of $1600.

The two bits listed constituted the only items with which the defendant could be held accountable. They were found in his possession which was unexplained. The testimony by the state estimated the value of the small bit at about $35 and the large one $55, or an aggregate value of approximately $90. The taking of these two items alone would have been sufficient to constitute the crime charged.

When the state and the defendant rested their case, defendant offered the following instructions:

"You are informed, Ladies and Gentlemen of the Jury, that all the items alleged in the information are stricken from the information except as relates to the two bits and you are not to consider any other items alleged to have been taken or stolen listed in the information."

No doubt the court should have taken it upon himself to exclude the testimony as to all items except the two bits, and since he chose not to so do the defendant was most assuredly entitled to have it stricken from the consideration of the jury by the giving of defendant requested instruction. Instead the trial court gave the following instruction #6:

"You are instructed that if you find and believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Johnnie Bennett, did, in Stephens County, Oklahoma, on or before the 16th day of March, 1957, wilfully, unlawfully, and feloniously take, steal and carry away by stealth and fraud, from the possession of R. V. Dillard, and without the knowledge and consent of the said owner thereof, personal property, to-wit: elevators, pipe tongs, and drilling bits of the value of $1,600.00, being the personal property of R. V. Dillard, and that the said stealing and carrying away of said property on the part of the defendant was with the unlawful, wrongful and felonious intent to appropriate the same to his own use and benefit and to deprive the rightful owner permanently thereof, then, and in that event, it would be your duty to find the defendant, Johnnie Bennett, guilty of Grand Larceny as charged in the Information.

"If, however, on the contrary, after a full, fair and impartial consideration of all the evidence, facts and circumstances in this case, you fail to so find, or, if you entertain a reasonable doubt as to the guilt of the defendant, then it will be your duty to find the defendant not guilty and acquit him of the crime charged."

By giving this instruction the court in substance advised the jury to find the defendant guilty of taking all the items alleged in the information or none, and since there was no competent evidence connecting the defendant with any of the items except the two bits, their verdict could not be supported by the evidence. The practice universally approved where numerous items are alleged to have been taken is to list the value of each item instead of an aggregate amount as was done in the instant case. Then, if any one is inadequately laid, or is adjudged not to be the subject of larceny, or is not proven, the averment as to it alone may be rejected. See 17 R.C.L. 59, 60, State v. Brew, 4 Wash. 95, 29 P. 762, 31 Am.St.Rep. 904, Thompson v. State, 43 Tex. 268, 271. There is one line of authority that holds not to prove all the items alleged is a fatal variance. It was said in the State v. Brew, supra, [4 Wash. 95, 29 P. 762] that:

"An indictment alleging the larceny of several articles is sufficient though it only gives their lump value, the only objection to that form of alleging value being that, if the proof shows that only a part of the articles were stolen, the variance is fatal."

In the Brew case a long line of authorities are listed supporting this theory.

The authorities from other jurisdictions are in conflict. It was said in State v. Hibberd, 123 Or. 490, 262 P. 950:

"Fact that an indictment for larceny, in its description of property stolen, is not sustained as to all the articles alleged to have been taken, is not fatal, if indictment is sufficiently sustained to make out offense charged."

The opinion in the Hibberd case, supra, quotes from Clark's Criminal Procedure, page 388:

" 'Though it is often necessary that the number or quantity of property shall be stated, in order to meet the requirements of certainty, it is not necessary to prove the whole number or quantity, if, on the rejection of the part not proved, the offense will be complete.' "

We are of the opinion this would be the best rule and that it would only be fatal where it is shown that the defendant was prejudiced by the court's failure to reject consideration of the items not proven. No doubt the court should have excluded from the jury's consideration those items not proven. Especially, where it was requested by defendant. From a thorough review of the record there can be no doubt as to the sufficiency of the proof to make out the crime charged as it pertained to the two bits, the aggregate value of $90. However, a jury or judge, in all probability, would be more severe in rendering punishment on the taking of property valued at $1,600 as compared to property valued at $90. This no doubt would be prejudicial to the defendant and justice would be best served if the judgment of the court was modified from two years in the Oklahoma State Penitentiary to one year in the Oklahoma State Penitentiary and otherwise approved. Judgment is hereby modified and otherwise affirmed.

BRETT, P. J., and POWELL, J., concur.