## POWELL *v.* THE STATE.

1. An indictment for larceny from the person which charges that the defendant "did wrongfully and fraudulently and privately take from the person of one C. A. Dunwoody, Jr., and without the knowledge of the said Dunwoody, with intent to steal the same, one watch and chain of the value of seventy-five dollars, and the property of the said Dunwoody," is sufficiently specific in the description of the property stolen. Williams *v.* State, 25 Ind. 150; 2 Bishop's Crim. Procedure, ?700; *Sanders* v. *State,* 86 *Ga.* 717.

2. Where the indictment charges that the property stolen from the person was of the value of seventy-five dollars, and the jury return a general verdict of guilty, the conviction, under section 4411 of the code, is one of felony and not of misdemeanor; and there being no evidence of the value of the property, the accused is entitled to a new trial. *Judgment reversed.*

November 2, 1891.

Criminal law. Indictment. Verdict. Before Judge RICHARD H. CLARK. Fulton .superior court. March term, 1891.

Powell excepted to the overruling of his demurrer to · the indictment (as to which see the first head-note), and to the overruling of his motion for a new trial, one ground of which motion was that the State .failed to prove any value of the watch in question, and while it was admitted in evidence without objection, the jury did not handle it, nor did defendant's counsel know it was not in their hands until after verdict. It· had the appearance of gold, was in full view of the jury during the trial, and no question was made that it was not as it appeared or as to any defect in it.. After the rendition of the verdict, the question arising whether the punishment should be as for a felony or a misdemeanor, the solicitor-general stated that he intended it as a misdemeanor, as he knew a second-hand watch that cost $75 was not worth as much as $50, and so considered it during the trial. The court treated the conviction as for a misdemeanor.

R. J. JORDAN, for plaintiff in error, cited 55 *Ga.* 224.

C. D. HILL, solicitor-general, *contra*, cited 13 Ark. 66; 2 Whar. Cr. L. §1839; 69 *Ga.* 738; 55 *Ga.* 222; 2 Bish. Cr. Pro. 702; Code, §4410.