### SMITH *v.* THE STATE.

LUMPKIN, J.—The charge being simple larceny, the evidence of guilt not being satisfactory, and there being no proof whatever as to value, a new trial is ordered.          *Judgment reversed.*
December 21, 1894.

Indictment for simple larceny.  Before Judge TURN-BULL.  City court of Floyd county.  November 29, 1894.

Smith was charged with larceny of six poplar saw-logs belonging to the Harris-Hartshorn Lumber Company. He was found guilty, and his motion for new trial was overruled.  The motion was upon the grounds that the verdict was contrary to law and evidence.  The evidence for the State was to the following effect: Some time prior to the 17th of June, 1893, Hartshorn discovered at Camp's saw-mill in Rome, Ga., a raft of logs claimed by defendant.  In the raft he found six poplar logs which had the brand of the Harris-Hartshorn Lumber Company, which company began business before August, 1892.  Several other logs appeared to have had a brand, but it could not be recognized; it seemed as though the brand had been obliterated by blows from something like an axe.  Hartshorn had a brand-new hammer made and sent up to Murray county where logs were being cut by the company.  When trees were cut in Murray and other counties, they were sent down to Hartshorn and sawed up into lumber.  None of the logs were cut in Floyd county.  The six logs which Hartshorn took from Smith's raft had been cut in Murray county, and not in Floyd.  The logs were branded with a hammer made for the company with special brand.  Hartshorn recognized the brand as soon as he

saw the logs; some were under the water and he could not see them. Logs were cut and then drifted out into the river. Hartshorn called Printup, Brown and others to look at the logs in defendant's raft at Camp's mill. Hartshorn had talked with defendant about the logs before Hartshorn took them, and defendant claimed they were his logs. He seemed somewhat excited. Some time before this, Hartshorn had employed defendant to raft some logs for the Harris-Hartshorn company, and knows defendant was familiar with the brand of the company. Printup and Brown testified, corroborating Hartshorn as to the brands being those of the Harris-Hartshorn company, and as to appearances indicating that an effort had been made to obliterate some of the brands. The sawyer of the Harris-Hartshorn company saw the raft of logs in question, and identified six of the logs as belonging to the Harris-Hartshorn Lumber Company. They had the brands of the company on the end; he could not identify any more, but knows that all the logs belonged to the company; they were poplar logs; some were under the water and he could not see the ends. Camp testified: He is the owner of the sawmill. He saw the brand on the end of one of the logs, which was the brand of the Harris-Hartshorn company. He could only identify one of the logs as belonging to the company. Defendant had brought witness a raft of twelve logs in April, 1893. When witness saw this log with the brand on it, he told defendant the logs belonged to the Harris-Hartshorn company, and refused to buy them. Defendant claimed the logs. Witness saw only one log the day Hartshorn came to him and claimed the logs, as they were under the water, but as the water receded he saw others and saw the same brand on them. It further appeared that some time in the spring of 1893, defendant told one Biggers he would give him five cents apiece for any logs he might catch in the river that were not marked.

For the defendant the evidence was to the following effect: One Morrison bought eighteen logs for defendant from Joe Harris in the spring of 1893, and five from Green Butler. Defendant had four logs on Armuchee creek. One of the eighteen logs bought of Harris was not used. This left twenty-six logs which Morrison rafted in May, 1893, and brought down to Camp's mill for defendant. Morrison did not see any brands on any of those logs. Defendant had notified him that he had some logs up the Armuchee creek and to look out for them in the time of freshets. Morrison let defendant have a boat to go up Armuchee creek and get more logs. The logs which Morrison bought of Harris came off of Harris's place, and were carried up the creek in April. They lay on the bank for some time. Those logs were poplar and gum. In the spring of 1893 defendant had three logs lodged on Armuchee creek against the farm of one Staten, who saw defendant go after them. In the latter part of 1892 defendant had about three logs on Armuchee creek, and tried to hire one Belman to bring them down. One Smith helped push out two or three of these logs from the bank and start them down in the last part of 1893. Defendant stated, that he was not guilty of stealing any logs from the Harris-Hartshorn company; that he did not see any brands on any logs which were bought for him by Morrison; that all the logs in that raft were his logs; that Morrison bought eighteen for him from Harris, one of which was too short and only seventeen were put in the raft; bought five from Green Butler, and the other four defendant owned.

Max Meyerhardt and G. A. H. Harris, for plaintiff in error. W. J. Nunnally, solicitor-general, *contra.*