### McCRARY *v.* THE STATE.

Where an indictment for burglary alleged that the accused broke and entered a storehouse with the intent to commit the larceny of a "five-gallon keg of whiskey of the value of fifteen dollars," and there was ample evidence to show the breaking and entry by the accused and the actual larceny by him from that house of a keg of whiskey containing five gallons, and also that the same was of some value, the case was sufficiently made out without further proof as to value.

July 8, 1895.

Indictment for burglary. Before Judge KIMSEY. Hall superior court. January term, 1895.

H. H. DEAN, for plaintiff in error.

HOWARD THOMPSON, solicitor-general, *contra*.

LUMPKIN, Justice.

The accused was indicted for burglary, the charge being that he broke and entered the storehouse of the prosecutor with intent to commit a larceny of a "five-gallon keg of whiskey of the value of fifteen dollars." After conviction, he moved for a new trial on the general grounds that the verdict was contrary to law and the evidence.

There was ample evidence of the breaking and entering by the accused, and of the actual larceny by him from that house of a keg of whiskey containing five gallons, and in these respects the case of the State was sufficiently proved. The main contention insisted upon in this court was, that the State failed to prove that the whiskey had any value whatever. Among other things, the prosecutor testified: "I lately lost something of

value from my place of business.  I lost a keg of whiskey.  It contained five gallons."  Other evidence warranted a finding that the keg of whiskey thus lost by the prosecutor was, shortly after the breaking, found in the possession of the accused; and the conclusion that he broke and entered the storehouse with the intent to steal this identical whiskey is therefore well supported. The prosecutor swore to the loss of this keg of whiskey, and that it was "something of value."  It was not, of course, essential to prove its exact value, and it can hardly be doubted that the above recited evidence was enough to show it had some value.  Accordingly, we hold, without serious difficulty, that the State's case was sufficiently made out, without additional proof upon the question of value.          *Judgment affirmed.*