## WALTHOUR v. THE STATE.

A bill of indictment charging one with simple larceny, in which the property alleged to have been stolen, as therein set out, was "a lot óf cord wood" of a stated value belonging to named persons, should have been quashed on demurrer for want of a sufficient description of the property alleged to have been stolen.

Submitted October 23,—Decided November 6, 1901.

Indictment for larceny. Before Judge Reece. City court of Floyd county. September term, 1901.

C. E. Carpenter, for plaintiff in error.

Moses Wright, solicitor-general, contra.

LITTLE, J.   John and Jiles Walthour were indicted by the grand jury of Floyd county for the offense of simple larceny.   On the charge thus preferred they were tried at the September term, 1901, of the city court of Floyd county, and a verdict of guilty returned as to John Walthour, and a verdict of not guilty as to Jiles. The defendants filed a demurrer on the following grounds: (1) Because the cord wood alleged to have been stolen is not described with that certainty required by law.   (2) Because the indictment does not disclose what kind of cord wood was stolen.   (3) Because the indictment does not describe the number of cords, or amount of cords, and does not charge the theft of any specified number of cords of wood or of any specified amount of wood. This demurrer was overruled, and John Walthour excepted.   He also filed a motion for a new trial on the general grounds, which was heard and overruled by the trial judge, and the accused excepted to the order overruling his motion.   As we think the judge erred in not sustaining the demurrer, it will not be necessary to consider the exceptions based upon the overruling of the motion.   The indictment charged the defendants with stealing "a lot of cord wood" of the personal goods of certain named persons, "of the value of ten dollars," and the sole question raised by the demurrer is whether this description of the property alleged to have been stolen is sufficient to meet the requirements of the law.

When the subject-matter of a larceny is horses, cows, or hogs, the Penal Code prescribes certain elements of description, but in the case of other personal chattels the rule of the common law pre-

vails.   Mr. Wharton in his work on Criminal Pleading and Practice, § 206, states the rule thus: " When, as in larceny, . . personal chattels are the subject of an offense, they must be described specifically by the names usually appropriated to them, and the number and value of each species or particular kind of goods stated. In the case of *Davis* v. *State*, 40 *Ga.* 229, Warner, J., quotes this principle from Archbold's Criminal Pleading, in almost the identical words, and states that the principle of the common law is still of force in this State.   See, in this connection, Rapalje's Larceny, § 75; 2 Bishop's Criminal Procedure, § 699.   Mr. Bishop in his work just cited states the object of the description to be "to individualize the transaction, and enable the court to see that they are, in law, the subjects of larceny. . .   The description should be simply such as, in connection with the other allegations, will affirmatively show the defendant to be guilty, will reasonably inform him of the instance meant, and put him in a position to make the needful preparations to meet the charge."   See *Sanders* v. *State*, 86 *Ga.* 724, where this author's rule is quoted with approval.   Mr. Wharton in his work above quoted, § 208, further says: "There must be such certainty as will enable the jury to say whether the chattel proved to be stolen is the same as that upon which the indictment is founded."   Still another reason given why the description should be definite is, that a judgment may be pleaded in bar of a subsequent prosecution for the same offense.        12 Enc. Pl. & Pr. 979, and cases cited.

Webster defines " lot" to mean, " a great quantity or number; a great deal."   No description could be more indefinite than "a great quantity," or " a great deal of cord wood."   Certainly the property alleged to have been stolen is not by these words " described specifically."   Nor does this description " individualize" the transaction, but on the contrary it leaves it indefinite.   Nor does it " reasonably inform" the defendant of the instance meant, or " put him in a position to make the needful preparations to meet the charge." What charge could be made more general than is embraced in the language, " a lot of cord wood" in Floyd county, belonging to named persons?  Surely such description did not give the defendant or the jury any definite information as to what he was charged with stealing.   The indictment should also so sufficiently identify the property alleged to have been stolen that a finding thereon could be

pleaded in bar of a subsequent prosecution for the same offense. A verdict under the charge in this indictment might not, so far as the description of the property therein described is concerned, be any protection from a subsequent prosecution for a larceny of a given quantity of cord wood. Being of opinion that the indictment did not sufficiently identify and describe the property alleged to have been stolen, so to meet the requirements of the law, the judgment overruling the demurrer is

*Reversed. All the Justices concurring.*