## BROWN *v.* THE STATE.
## LEONARD *v.* THE STATE.
## LEONARD *v.* THE STATE.

1. A judgment overruling a demurrer to an indictment may be made the subject of exceptions pendente lite, and error may be assigned on such exceptions in a bill of exceptions sued out in due time, complaining of the final judgment in the case. In the case of *Banks* v. *State*, 114 *Ga.* 115, there were no exceptions pendente lite.

2. An indictment charging the accused with the offense of receiving stolen goods, in that after "a certain lot of brass, to wit: five thousand pounds," had been stolen, the accused received the same, "to wit : certain lot of brass fittings, to wit, four hundred pounds of the value of three hundred dollars," knowing the same to have been stolen by the person from whom received, should have been held bad on special demurrer raising the objection that the allegations as to the articles received were not sufficiently specific, the description not being sufficient to identify the articles alleged to have been received, nor to put the accused on notice of the charge he was to meet.

Argued October 22, — Decided November 12, 1902.

Indictment for receiving stolen goods. Before Judge Barrow. Chatham superior court. August 13, 1902.

*Robert L. Colding,* for plaintiffs in error.
*W. W. Osborne, solicitor-general,* contra.

Cobb, J. Brown and the Leonards were indicted for receiving stolen goods. They were convicted, and complain that the court erred in overruling a demurrer to the indictment, as well as in refusing to grant them a new trial.

1. The demurrer was overruled on June 25, 1902. Exceptions pendente lite complaining of this ruling were certified and entered of record on July 17, 1902, during the term at which the ruling was made. The motion for a new trial was overruled August 13, 1902. The bill of exceptions complaining of the latter ruling, and

also assigning error on the exceptions pendente lite, was tendered within twenty days from the date last mentioned, and was duly certified. The law allowing exceptions pendente lite applies in criminal cases, and the exceptions in the present case were certified in due time. See *Strickland* v. *State*, 115 *Ga.* 222. In *Banks* v. *State*, 114 *Ga.* 115, there were no exceptions pendente lite.

2. The indictment charged that one Charles Kimball had been lawfully convicted of a burglary of the storehouse of Rourke & Sons, a firm composed of named persons, and that he "did steal from said storehouse of said firm a certain lot of brass, to wit: five thousand pounds, the property of said firm"; and that the accused, "well knowing said personal property to have been stolen and feloniously taken as aforesaid, did then and there receive same of and from the said Charles Kimball, to wit: certain lot of brass fittings, to wit, four hundred pounds of the value of three hundred dollars, the property of said firm, contrary to the laws," etc. The demurrer raises the objection that that part of the indictment describing the articles alleged to have been received is not sufficiently specific, that it does not identify the articles, and does not put the accused on notice of the charge they are called on to defend. All that is necessary to show that the term "fitting" is very general and comprehensive is to look at the definition of the same in some of the standard lexicons. A "fitting" has been defined to be: "Anything used in fitting up; especially (pl.), necessary fixtures or apparatus; as, the fittings of a church or study; gas fittings." Webster's Int. Dict. It has also been defined as "anything employed in fitting up permanently; used generally in the plural in the sense of fixtures, tackle apparatus, equipment; as the fittings of an office; gas fittings." Century Dict. It will not be contended, we suppose, that an indictment for larceny describing the articles stolen as a certain lot of fittings of a given weight and value would be sufficient as against a special demurrer. *Walthour* v. *State*, 114 *Ga.* 75. Does the mere addition of the material of which the fittings are made make the description sufficient? Is one charged with having received stolen goods, in that he received a "certain lot of *brass* fittings," of a given weight and value, informed by such averments of the charge he is to meet? Is there anything in such a description to enable him to prepare his defense? Are the articles referred to the brass fittings of a church, or a dwelling, or a ship, or a railroad-

car, or a buggy, or a carriage, or a bicycle, or an engine? Almost any article of a durable nature may have about it brass fittings. Brass fittings embrace numerous articles, large and small, of various kinds and descriptions, and used for many purposes. An indictment for receiving such articles, knowing them to have been stolen, should be sufficiently specific to reasonably identify the articles alleged to have been so received. In *Walthour* v. *State*, supra, Mr. Justice Little quotes approvingly the following from Mr. Bishop: "The description should be simply such as, in connection with the other allegations, will affirmatively show the defendant to be guilty, will reasonably inform him of the instance meant, and put him in a position to make the needful preparations to meet the charge." He also quotes with similar approval the following from Mr. Wharton: "There must be such certainty as will enable the jury to say whether the chattel proved to be stolen is the same as that upon which the indictment is founded."

One reason for requiring the description to be definite is that otherwise the accused would not be able to plead the judgment as a bar to another indictment. See 12 Enc. P. & P. 979. See also the other cases and authorities cited in the *Walthour* case. While the description in the present case is not as general and indefinite as that in the *Walthour* case, and that case is therefore not absolutely controlling, we think the principle of that decision requires a holding in the present case that the description was fatally defective, for the reason that there was nothing therein by which any article or number of articles could have been identified with any reasonable degree of certainty. If the language of that part of the indictment under discussion had been followed by the words "consisting of oil-cups, globe-valves, injectors, drainers, gaugecocks, siphons, lubricators, piping, return-bends, steam-gauges, inspirators," it might have been sufficient to have put the accused on notice of the articles they were alleged to have received. See, in this connection, *Cody* v. *State*, 100 *Ga.* 105. But it is certain that an allegation that the articles received were "brass fittings" of a given weight and value would not have accomplished this purpose. Let us assume that the accused are entirely innocent (and of course this must always be done in passing upon the sufficiency of an indictment), at what a loss would an innocent man be, in the preparation of his defense, when he is called on to meet the charge

simply that he received, knowing them to have been stolen, four hundred pounds of brass fittings of the value of three hundred dollars. No person could thoroughly prepare to meet such a vague and indefinite charge. While the Penal Code (§ 929) provides that an indictment shall be deemed sufficiently technical and correct which states the offense in the terms and language of the Code, or so plainly that the nature of the offense charged may be easily understood by the jury, it has been more than once held that " this section was not intended to dispense with the substance of good pleading, nor to deny to one accused of crime the right to know enough of the particular facts constituting the alleged offense to be able to prepare for trial, nor to deprive him of the right to have an indictment perfect as to the essential elements of the crime charged." See *O'Brien* v. *State,* 109 *Ga.* 51, 53, and cases cited. The criminal pleader should always avoid unnecessary allegations which are descriptive of the offense, but at the same time he should be careful to make the descriptive averments sufficiently definite and certain to put the accused on notice of the charge he is to meet. The court erred in overruling the demurrer.

*Judgment reversed. All the Justices concurring, except Lumpkin,. P. J., absent, and Candler, J., not presiding.*