## MELVIN *v.* THE STATE.

An indictment for simple larceny described the property alleged to have been stolen as "one shovel of the value of one dollar." *Held*, that a special demurrer on the ground that the description was too general should have been sustained.

Argued June 20,—Decided July 12, 1904.

Certiorari. Before Judge Daley. Bulloch superior court. April 30, 1904.

*R. Lee Moore*, for plaintiff in error.
*B. T. Rawlings, solicitor-general*, contra.

COBB, J. Descriptive averments in indictments are to be considered in the light of the presumption that the accused is innocent. Property alleged to have been stolen should be described with sufficient definiteness to enable the accused to ascertain the specific charge he is called on to meet, and, in the event of a second prosecution, to plead his former acquittal or conviction. If the accused is satisfied to go to trial on an indictment for larceny containing a mere general description of the property alleged to have been stolen, he can not complain after conviction. But where on arraignment he objects to the general description by special demurrer, the indictment should be quashed. The description "one shovel" is entirely too general. There are numerous varieties of shovels, ranging from the tiny implement used by the child in his play upon the sand pile to the immense appliances propelled by steam and used in mines and elsewhere. The accused was entitled to know what class of shovel he was charged with having stolen. See *Brown* v. *State*, 116 *Ga.* 559. The State relies upon *Sanders* v. *State*, 86 *Ga.* 717, a case of larceny after trust, where the property was described as "15 head of beef cattle," and upon *Powell* v. *State*, 88 *Ga.* 32, a case of larceny from the person, where the property was described as "one watch and chain." In indictments for compound larceny, the allegations in reference to the aggravating fact serve to individualize the transaction, and a more general description of the property is permissible in such cases than would be permitted in indictments for simple larceny.

*Judgment reversed. All the Justices concur.*