## 811.  AYERS *v.* THE STATE.

1. In indictments for larceny "the description [of the stolen property] should be simply such as, in connection with the other allegations, will affirmatively show the defendant to be guilty, will reasonably inform him of the instance meant, and put him in a position to make the needful preparations to meet the charge."
2. Where, by an erroneous conception of court and counsel, a misdemeanor case is tried as if it were a felony, but the error is discovered before sentence, so that no harm in this respect results to the defendant, the error is prima facie harmless to the defendant.
3. As to personal property the seizure, and not the official entry, constitutes the levy.
4. In trials for simple larceny it must appear that the stolen property is of some value either generally or specially to the prosecutor. Direct proof of value, however, is not indispensable; it may be shown inferentially.
5. A person may steal his own property from an officer who has seized it under levy, and thereby be guilty of larceny.

Indictment for simple larceny, from Haralson superior court—Judge Edwards.  October 3, 1907.

Argued December 9,—Decided December 20, 1907.

The indictment charged the defendant with the larceny of "one Eclipse Frick engine, 25 horse power, 1 Frick box boiler, 3 log carts, 1 set lumber-trucks and track-irons, all of the value of $500, and of the personal goods of one I. B. Witcher, a constable," the indictment reciting that the property had been levied on by the constable under a described attachment.  The property belonged to the defendant, but the constable had seized it under an attachment.  The defendant, after lulling the constable into a sense of security by promising to replevy the property, had it moved across the State line into Alabama.  The other material facts appear in the opinion.

*U. G. Brock, Janes & Hutchens, Griffith & Matthews,* for plaintiff in error.

*W. K. Fielder, solicitor-general, Lloyd Thomas,* contra.

POWELL, J.  1. The defendant demurred to the indictment, on the ground that the property alleged to have been stolen is not sufficiently described.  "The description should be simply such as, in connection with the other allegations, will affirmatively show the defendant to be guilty, will reasonably inform him of the instance meant, and put him in a position to make the needful preparations

to meet the charge." 2 Bishop, Crim. Proc. §699, cited in *Walthour* v. *State,* 114 *Ga.* 76 (39 S. E. 872). See also *Bone* v. *State,* 120 *Ga.* 866 (48 S. E. 356) ; *Sanders* v. *State,* 86 *Ga.* 717 (12 S. E. 1058); *Powell* v. *State,* 88 *Ga.* 32 (13 S. E. 829). The general description aided by the more definite allegation that it was the property seized under a certain levy sufficiently individualized the transaction. See *Bank of Sparta* v. *Butts,* 1 *Ga. App.* 771 (3) (57 S. E. 1061) ; *Phelan* v. *Vestner,* 125 *Ga.* 826 (54 S. E. 697). By this additional identification of the subject-matter of the larceny the case at bar is differentiated from the cases of *Walthour* v. *State,* 114 *Ga.* 76 (39 S. E. 872), *Leonard* v. *State,* 116 *Ga.* 559 (42 S. E. 795), and *Melvin* v. *State,* 120 *Ga.* 490 (48 S. E. 198).

2. The offense with which the defendant stood charged was a misdemeanor. The court charged the jury: "This case is being tried as a felony, and if you should find the defendant guilty you have the right to recommend—add, to your verdict finding him guilty, recommendation punishing him for a misdemeanor." The jury recommended that the defendant be punished as for a misdemeanor. We presume the court inflicted a legal sentence, as no insistence to the contrary is made. In certifying this ground of the motion for a new trial the judge, in an explanatory note, says: "For some reason the court and counsel for both the State and the accused tried the case under the impression that, the property being of greater value than $50, the charge amounted to a felony, and the case so tried up to the time of the delivery of the charge." The error in trying the case with the strict formality of a felony trial rather than with the ordinary misdemeanor procedure seems to have been a disadvantage to the State rather than to the accused. While error; it was, as against the defendant (no special injury being shown), harmless error.

3. When the attachment under which the levy was made was offered in evidence, objection was made on the ground that the levy, as appearing from the entry on the attachment, is void for lack of definite description. The seizure, not the entry, constituted the levy. There was sufficient evidence of an actual levy. *Corniff* v. *Cook,* 95 *Ga.* 61 (2), (22 S. E. 47, 51 Am. St. R. 55).

4. Exception is taken to the following instruction by the court to the jury: "If you believe in this case that the defendant, in this county, on the day named in the bill of indictment, or within two

years before the finding of the bill of indictment, wrongfully and fraudulently took and carried away these goods, this property or any other portion of the property, and that the property so taken, whether the whole of it or part of it had a value, and that it was the property of Witcher in the sense in which it is alleged here to have been his property, and such taking was done with intent to steal the same, under the rules I have given you in charge it would be your duty to convict the defendant." The substance of the objection made is that neither in the indictment nor in the proof was any value shown as to any segregate portion of the property; and therefore, though it were shown that the defendant stole a portion of it, there was no proof of the value of the part taken; for example, if he took the engine but not the log carts, there was no proof of the value of the engine, the only testimony as to value being that the whole outfit was worth $500. In prosecutions for larceny it must be shown that the chattel stolen is a thing of value. *Benjamin* v. *State,* 105 *Ga.* 830 (31 S. E. 739) ; *May* v. *State,* 111 *Ga.* 840 (36 S. E. 222) ; *Wright* v. *State,* 1 *Ga. App.* 158 (3), (57 S. E. 1050). If the grade of the crime is dependent on the value of the article taken, the proof must show whether it is worth more or less than the diacritical amount fixed by the statute. *Powell* v. *State,* 88 *Ga.* 32. In other cases proof merely that the stolen article is a thing of value is sufficient; no particular value need be shown. *Davis* v. *State,* 40 *Ga.* 231; *Lane* v. *State,* 113 *Ga.* 1040 (39 S. E. 463) ; *Hawkins* v. *State,* 95 *Ga.* 458 (20 S. E. 217) ; *Smith* v. *State,* 95 *Ga.* 460 (21 S. E. 45) ; *McCrary* v. *State,* 96 *Ga.* 348 (23 S. E. 409). The courts will not take judicial cognizance that any article is of value, unless the law itself so designates it. *Johnson* v. *State,* 109 *Ga.* 268 (34 S. E. 573) ; *Wright* v. *State,* 1 *Ga. App.* 158 (5), (57 S. E. 1050). However, value, just as any other matter of proof, may be shown circumstantially or inferentially, as well as directly or positively. *Roberts* v. *State,* 55 *Ga.* 220; *Jenkins* v. *State,* 50 *Ga.* 258; *Irvin* v. *Turner,* 47 *Ga.* 382; *Carreker* v. *Walton,* 47 *Ga.* 397; *Allen* v. *State, R. M. Charlt.* 520. In *McCrary's* case, 96 *Ga.* 348 (23 S. E. 409), the only proof of value was the testimony of the prosecutor, "I lost something of value from my place of business. I lost a keg of whiskey. It contained five gallons." The jury would have the right to infer that an engine and boiler, recently in actual use and about to be moved and put to work

again, part of a mill outfit worth $500, was of some value.   Likewise, the circumstance that the defendant hired teams and men to move the property tends to negative the idea that it was valueless. "If a thing has value to the owner, though to no one else, to steal it is larceny, its value to the rest of the world being immaterial." 2 Bish. Cr. Proc. §751; *Allen* v. *State, R. M. Charlt.* 518; Ransom's case, 2 Leach, 1090.   The interest which the constable had, in this case, in bringing the property to sale, so as to protect himself against rule for contempt, made each and every part of the property valuable to him.   In the *Johnson* case, 109 *Ga.* 268 (34 S. E. 573) the court, in showing that judicial cognizance can not be taken of the fact that meat is a thing of value, gives the reason that some meat is not valuable, "as, for instance, decayed meat, or such as has not been properly prepared for food, or for any other reason is not useful."   Where the circumstances shown in the case are such as to indicate that an article, which according to common knowledge is usually useful, is, in the particular instance, in fact valuable, the reason of the rule ends, and the jury is authorized to find that the article in question is a thing of value.   The early holding in this State that in simple larceny value must be alleged and proved (*Davis* v. *State,* 40 *Ga.* 230) is based upon the fact that such was the requirement of the common law at the time of its adoption in this State.   It was never the precedent of the common law, however, to extend the rule to absurdity in requiring proof of value.   Note, for example, the case of Rex *v.* Edwards, 13 Cox C. C. 384.   Three pigs which had been bitten by a mad dog were shot and buried, and were, the same evening, dug up by the prisoner and sold for 9 l., 3 s., 9 d.; it was argued that the pigs had been abandoned and were of no value to the owner; but the court upheld the conviction.

5. Upon an examination of the entire record, we find no error. While the property belonged to the defendant, the constable had such a title as to make the defendant's fraudulently taking the property and carrying it into another State with the purpose of appropriating it to his own use, thereby hindering or defeating the levy, a larceny.   *Davis* v. *State,* 76 *Ga.* 721; *Henry* v. *State,* 110 *Ga.* 750 (36 S. E. 55, 78 Am. St. R. 137).   His contention of good faith was fairly submitted to the jury.   Therefore let the judgment refusing him a new trial be                    *Affirmed.*