*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

---

### 9659.   CARSON *v.* THE STATE.

BROYLES, P. J.   1. In an indictment for larceny the description of the stolen property should be simply such as, in connection with the other allegations, will affirmatively show the accused to be guilty, will reasonably inform him of the transaction charged, and will put him in a position to make the needful preparations for his defense.   2 Bish. Cr. Proc. § 699; *Sanders* v. *State,* 86 *Ga.* 717 (12 S. E. 1058); *Powell* v. *State,* 88 *Ga.* 32 (13 S. E. 829); *Walthour* v. *State,* 114 *Ga.* 75 (39 S. E. 872); *Bone* v. *State,* 120 *Ga.* 866 (48 S. E. 356); *Cannon* v. *State,* 125 *Ga.* 785 (54 S. E. 692); *Ayers* v. *State,* 3 *Ga. App.* 305 (59 S. E. 924).

2. Under the ruling in the preceding paragraph, an indictment for the larceny of an automobile, which charges that the accused "did wrongfully, fraudulently, and privately take, steal, and carry away, with intent to steal the same, one five-passenger Ford automobile of the value of four hundred ($400.00) dollars and the property of W. C. Jones," is sufficiently specific in the description of the property stolen, and it is not subject on that point to a special demurrer.

3. No material error appears in any of the excerpts from the charge excepted to, when these excerpts are considered in the light of the charge as a whole.

4. The charge as to corroboration of the testimony of an accomplice was sufficient, in the absence of a *timely* written request for a fuller charge upon that subject.   It is not shown that such a request was presented to the court.

5. The admission of the testimony complained of in the 7th, 8th, 9th, and 10th special grounds of the motion for a new trial was not erroneous for any reason assigned.

6. It does not appear that the judge abused his discretion in refusing to allow the accused to go back upon the stand and make a second statement to the jury.

7. The special ground of the motion for a new trial, based upon alleged newly discovered evidence, is fatally defective, in that it fails to set forth any of the supporting affidavits required in such a proceeding by section 6086 of the Civil Code of 1910.     •

8. The verdict was authorized by the evidence.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED JULY 30, 1918.

Indictment for larceny; from Fulton superior court—Judge Hill.   March 25, 1918.

*J. Mallory Hunt,* for plaintiff in error.
*John A. Boykin, solicitor-general, E. A. Stephens,* contra.