### 11270.　GLASS *v.* THE STATE.

1. The description of the automobile was sufficient in an indictment alleging that the accused " did knowingly buy, steal, receive, conceal, and have in his possession a Ford touring model automobile of the value of $580.00 and the property of " a named person, " from which the motor number — the same being a mark of identification — had been removed and altered for the purpose of concealment and misrepresenting the identity of said automobile."

(a) In an indictment for the offense here charged (Ga. L. 1918, p. 264) the description of the property need not be as particular as in cases of simple larceny.

2. The evidence against the accused is not altogether satisfactory, but this court can not hold that the verdict was unauthorized. There was no error that requires a new trial.

DECIDED JANUARY 25, 1921.

Indictment for felony; from Fulton superior court — Judge Humphries. December 22, 1919.

Application for certiorari was denied by the Supreme Court.

*Westmoreland & Smith, J. L. Anderson, R. J. Jordan,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

PER CURIAM. 1. It was not error to overrule the demurrer to the indictment. The indictment charged the crime in the language of the statute and so plainly that the jury must have understood the nature of the offense charged. It was therefore not subject to demurrer. Penal Code (1910), § 954. The description of the automobile was sufficient. *Adams* v. *State*, 21 *Ga. App.* 152 (94 S. E. 82), and citations. This offense was a felony and of the nature of a "compound larceny," and in such a case the description of the stolen property need not be as particular as in cases of simple larceny. *Cannon* v. *State*, 125 *Ga.* 785 (54 S. E. 692).

2. The assignments of error in the motion for a new trial are not of such merit as to require a new trial. The evidence was conflicting and not altogether satisfactory, but we cannot say that there was no evidence authorizing the verdict, which has the approval of the trial judge. It was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

LUKE, J., dissenting. In this case the indictment charged " R. W. Glass with the offense of felony: for that the said accused, in the County of Fulton and State of Georgia, on the 12th day of February, 1919, did knowingly buy, steal, receive, conceal, and have in his possession a Ford touring model automobile, of the value of $580, and the property of A. C. Porterfield, from which the motor number — the same being a mark of identification — had been removed and altered for the purpose of concealment and misrepresenting the identity of said automobile, contrary to the laws of said State," etc. The accused demurred specially upon the ground that the indictment did not set out either the original number of the automobile or the number as altered or removed, and set out no mark of identification by which the car could be distinguished from other Ford touring cars. The majority of this court agree with the judgment overruling the demurrer. This writer does not concur.

The indictment is based on an act approved August 19, 1918 (Ga. L. 1918, p. 264). The act provides in part as follows: " It shall be unlawful to buy, steal, sell, receive, or dispose of, conceal, or have in possession, any automobile, motor-vehicle, bicycle, motorcycle, or any other machine propelled by gasoline or electricity in this State, from which the manufacturer's serial number, or any

other distinguishing number, or identification mark, has been removed, defaced, covered, altered, or destroyed for the purpose of concealment or misrepresenting the identity of said motor vehicle, automobile, bicycle, motorcycle, or other such machine." A violation thereof is punishable by confinement in the penitentiary. The indictment in this case states the offense in practically the terms and language of the statute, and such a statement of the offense is usually deemed, under § 954 of the Penal Code (1910), sufficiently technical and correct. But where the indictment charges simple larceny or a substantially similar offense it must, in addition to using the language of the statute, describe the subject-matter of the offense with sufficient certainty to individualize the transaction, reasonably inform the defendant of the instance meant, enable the jury to say whether the indictment and the evidence relate to the same chattel, and, in the event of a subsequent prosecution for the same offense, put the court in position to determine the identity of the subject-matter of the two indictments. See, in this connection, *Walthour* v. *State,* 114 *Ga.* 75 (39 S. E. 872); *Brown* v. *State,* 116 *Ga.* 559 (42 S. E. 795); *Melvin* v. *State,* 120 *Ga.* 490 (48 S. E. 198), and *Bright* v. *State,* 10 *Ga. App.* 17 (72 S. E. 519).

In the case that we have here for review, the motor number, rather than the automobile itself, is the subject-matter of the offense; but in my opinion, the indictment contains no sufficient description of either. The description " Ford touring model automobile " is no more sufficient to put the defendant on notice of what Ford automobile was meant than a description of property in an indictment for larceny as " one mule," or " one wagon," or " one law-book," etc. The indictment in this case contains absolutely nothing to show what the motor number originally was, or what it was as altered, and nothing to distinguish either of such numbers from any possible group of figures that may be found on the motor of any "Ford touring model automobile." In *Walthour's* case, supra, it was held that "a lot of cord wood" of a stated value and ownership was an insufficient description to withstand a timely special demurrer. In *Brown's* case, supra, it was held that " a certain lot of brass fittings, to wit, 400 lbs.," of a stated value, and the ownership, was likewise insufficient. In *Bright's* case, supra, this court made a similar ruling with respect

to "100 pounds of seed cotton," the value and ownership of which were distinctly alleged. The question now is: Do the words "a Ford touring model automobile," in connection with a stated value and ownership of the machine, constitute a sufficient description of the subject-matter of an indictment for a violation of the act of 1918?

The purpose of this act may be gathered from its history, as well as from its own terms. When automobiles and other machines mentioned in this act first began to be used and stolen in this State, the thieves, if caught and convicted, could be punished only as for a misdemeanor, and that by reason of the omnibus provision against simple larceny now appearing as section 171 of the Penal Code. But by the year 1916 motor-vehicles had come into such general use, and, because of their nature and value, had become so attractive to thieves, that the legislature of this State made the larceny of "any automobile, locomobile, motorcycle, and other like vehicles propelled by electricity or gasoline," a felony, punishable by imprisonment in the penitentiary for not less than one year nor more than five years. See Ga. L. 1916, p. 154. It was next discovered that the number of machines, in general use, of every make and model, was so great that the owner of a machine was often unable to identify it except by some distinguishing number or identification mark placed thereon, either by the manufacturer or by the owner or at his instance. By taking advantage of that situation a thief, unless detected in the act of stealing, could easily and quickly get the stolen machine to some private place, not infrequently the garage of an accomplice, and there remove or alter all distinguishing numbers and identification marks found on the machine, which, when done, rendered both the thief and his accomplice practically safe and secure from the danger of detection usually attending the possession of stolen property. In that situation professional thieves could, and did, ply their trade in the larger cities of the State with no greater risk to themselves than in sparsely settled rural communities. To meet this situation and destroy that advantage of thieves, the General Assembly passed the act of 1918, making the bare possession of a machine from which a distinguishing number or identification mark has been unlawfully removed, or on which it has been unlawfully altered, a crime of the same degree, and meriting the same punishment, as the stealing

of such a machine. An indictment which charges the commission of this offense is not good, as against a timely special demurrer, where it does not allege with the definiteness known to the grand jury the numbers or identification mark altered or changed. The crime consists in changing, covering, or altering the numbers or identification marks. In my opinion the special demurrer of the defendant in this case was good and should have been sustained.

I do not dissent from the view expressed by the majority of the court in paragraph 2 of the decision, for the reason that there is some slight evidence to authorize the conviction of the defendant, if the view with respect to the sufficiency of the indictment is correct as announced in paragraph 1. To my·mind a reading of the evidence and record in this case emphasizes the error in overruling the demurrer. I do not think there is merit in any of the special grounds of the motion for a new trial.