## 21817. PHARR *v.* THE STATE.

DECIDED DECEMBER 15, 1931.

*F. Joe Turner Jr.,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

LUKE, J. The indictment on which S. R. Pharr was convicted charges that C. A. Voyles, alias C. P. Voyles, and S. R. Pharr, alias Jack Pharr, did "steal . . one black leather sample case, one black fibre sample case, one tan fibre sample case, of the value of $15, eighty pounds of assorted candies of the value of $25, one book photographs of candy of the value of $25, all the property of P. B. Smith." Pharr excepts to the overruling of his demurrer to the indictment, and of his motion for a new trial.

The demurrer is as follows: "1. The allegations in said indictment are too vague, indefinite and uncertain to place this defendant on notice of what he is called upon to defend. 2. Said indictment contains an insufficient description of said alleged offense, or of the articles alleged to have been stolen. 3. Said indictment fails to sufficiently locate said alleged offense, or to inform this defendant what he is called upon to defend. 4. The allegation of

'one black leather sample case' is too general and indefinite, it not being alleged whether said sample case was large enough or made for carrying samples of clothes, cotton, automobile accessories; of samples of perfumes, jewelry, or what, no dimensions or measurements being given. 5. The description of 'one black fibre sample case' is too general, vague, and uncertain, no dimensions or measurements being given, and it not being alleged what kind or character of samples were carried or to be carried in said alleged case. 6. The description, 'one tan fibre sample case of the value of $15,' is too general, vague, and indefinite, it not being alleged whether the case itself was a sample, miniature or large, or whether it was a case for carrying samples in, and what kind of samples. 7. The description, 'eighty pounds of assorted candies,' is too general, vague, and uncertain, it not being alleged whether the assortment consisted of large or small stick candies, gum drops, peanut candies, cocoanut candies, chocolate, or what kind of candy, or whether the candy was medicated, such as cough drops, etc. 8. The description, 'book photographs of candy of the value of $25,' is too general, indefinite, and uncertain, it not being alleged what kind of candy was photographed, and no description of the alleged book being given." Briefly stated, the substance of the entire demurrer is that the articles alleged to have been stolen are not described with sufficient definiteness; indeed, this is the only contention argued and insisted upon by counsel for plaintiff in error.

In the Penal Code (1910), § 954, the test of the substance of an indictment is stated in the following language: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury." However, as stated in *Brown* v. *State,* 116 *Ga.* 559, 562 (42 S. E. 795), "this section was not intended to dispense with the substance of good pleading, nor to deny to one accused of crime the right to know enough of the particular facts constituting the alleged offense to be able to prepare for trial, nor to deprive him of the right to have an indictment perfect as to the essential elements of the crime charged." See also *Johnson* v. *State,* 90 *Ga.* 441, 444 (16 S. E. 92) ; *O'Brien* v. *State,* 109 *Ga.* 51, 52 (35 S. E. 112). The following rule, adopted from 2 Bishop, Crim. Proc., section 699, has the approval of the appellate courts

of this State: "In an indictment for larceny the description of the stolen property should be simply such as, in connection with the other allegations, will affirmatively show the accused to be guilty, will reasonably inform him of the transaction charged, and will put him in a position to make the needful preparations for his defense." *Carson* v. *State,* 22 *Ga. App.* 551 (96 S. E. 500). See also *Walthour* v. *State,* 114 *Ga.* 75 (39 S. E. 872); *Brown* v. *State,* supra; *Sanders* v. *State,* 86 *Ga.* 717 (12 S. E. 1058); *Powell* v. *State,* 88 *Ga.* 32 (13 S. E. 829); *Ayers* v. *State,* 3 *Ga. App.* 305 (59 S. E. 924). "Still another reason given why the description should be definite is, that a judgment may be pleaded in bar of a subsequent prosecution for the same offense." *Walthour* v. *State,* supra, p. 76; *Brown* v. *State,* supra, p. 561; 12 Enc. Pl. & Pr. 979. In what have been termed "compound larcenies" (*Melvin* v. *State,* 120 *Ga.* 490, 491, 48 S. E. 198), very meagre descriptions of the property stolen have been held sufficient, even against a special demurrer; as, for instance, in a case of larceny after trust where the property was described as "15 head of beef cattle" (*Sanders* v. *State,* 86 *Ga.* 32, 12 S. E. 1058), and in a case of larceny from the person of "one watch and chain" (*Powell* v. *State,* 88 *Ga.* 32, 13 S. E. 829), and in a case of larceny from the house where the description was "one double-case silver watch:" (*Patterson* v. *State,* 122 *Ga.* 587, 50 S. E. 489), it being deemed in such cases that "the allegations in reference to the aggravating fact serve to individualize the transaction, and a more general description of the property is permissible . . than would be permitted in indictments for simple larceny." *Melvin* v. *State,* supra (p. 491), where it was held that in a case of simple larceny "one shovel of the value of one dollar" was an insufficient description of the thing alleged to have been stolen. The same principle was applied in *Ayers* v. *State,* supra, where the charge was that the defendant committed simple larceny by stealing "one Eclipse Frick engine, 25 horse power, 1 Frick boiler, 3 log carts, 1 set lumber-trucks and track-irons." In the *Ayers* case, in addition to the actual description of the articles stolen, as stated above, the indictment charged that the property had been levied on by a constable under a described attachment. The court said: "The general description, aided by the more definite allegation that it was the property seized under a certain levy, sufficiently individualized the transaction," and dif-

ferentiated the case from cases like the *Walthour* and *Melvin* cases, supra, and the case of *Leonard* v. *State,* 116 *Ga.* 559 (42 S. E. 795). Of course, the inference is strong that if the transaction had not been individualized as indicated, the description would have been insufficient.

It is true that some very indefinite descriptions of stolen automobiles in indictments have been held good as against special demurrer; as, for instance, in *Carson* v. *State,* 22 *Ga. App.* 551 (96 S. E. 500), where the property was described as "one five-passenger Ford Automobile;" and in *Glass* v. *State,* 26 *Ga. App.* 157 (106 S. E. 13), where the description was "a Ford touring model automobile." However, in the *Glass* case, supra, these cases are differentiated from cases of simple larceny upon the theory that they are in the nature of "compound larcenies," wherein "the description of the stolen property need not be as particular as in cases of simple larceny." The writer of this opinion dissented in the *Glass* case, and yet confesses his inability to apprehend where there is anything in either the *Carson* case or the *Glass* case to "individualize" the transactions set out in those cases and make them analogous to "compound larcenies." Of course, the case of *Wheeler* v. *State,* 18 *Ga. App.* 15 (88 S. E. 712), cited by counsel for defendant in error is not in point, for the reason that there is a special statute (Penal Code of 1910, § 157) which provides that in cases of cattle-stealing an indictment is sufficient which describes the animal "so that it may be ascertained and identified by the owner." For a like reason, cases of hog-stealing are not applicable. Penal Code (1910), § 159. A case cited by the defendant in error and often referred to by the courts of this State is that of *Brown* v. *State,* 44 *Ga.* 300. In that case the following general observation was made: "The description of a thing must be always one of degree. It would be an encouragement to crime to require every imaginable mark of identity to be mentioned. Certainty to a reasonable intent is all the law requires." In the first place, this was a "hog-stealing" case; and, in the second place, the decision was based upon a motion in arrest of judgment, which questioned the *substance* of the indictment, and not the *form,* as would a special demurrer. The case of *Adams* v. *State,* 21 *Ga. App.* 152 (94 S. E. 82), is strongly relied on by counsel for the defendant in error. There the description of the article stolen was "one bicycle painted red,

and bearing trade-mark 'Climax.'" This description is certainly more definite than that in the case at bar. However, the writer of this opinion, speaking for himself alone, doubts if the authorities cited in the *Adams* case are in point. One of them is the *Ayers* case, supra, and another the *Brown* case, supra, both of which have already been differentiated. The cases of *Patterson* v. *State,* supra, and *Bone* v. *State,* 120 *Ga.* 866 (48 S. E. 356), involved indictments charging larceny from the house. The case of *Powell* v. *State,* supra, was a case of larceny from the person. *Rivers* v. *State,* 57 *Ga.* 28, was a hog-stealing case, and *Wheeler* v. *State,* supra, was a cattle-stealing case.

Where the defendant was charged with stealing "100 pounds of seed cotton," Judge Russell, speaking for the court, said: "We are of the opinion that the point is good. Where timely demand is made by special demurrer, the defendant is entitled to have such a definite and particular description of the property as will enable him to know the exact transaction in which the State claims he violated the law. In some way the particular property alleged to have been stolen must be described. It is not sufficient for the indictment merely to charge the defendant with having stolen a chair, a shovel, a table, a watermelon, or a pocket-knife. The marks, quality or kind of the property must be incorporated in the description, or the transaction in some way individualized. Merely to charge the defendant with having stolen "seed cotton," without even saying whether it was long or short staple, or without in any way informing him of the locality from which it is claimed he stole the cotton, is too vague, general, and indefinite to withstand a timely special demurrer." *Bright* v. *State,* 10 *Ga. App.* 17, 18 (72 S. E. 519). Even in a case of receiving stolen goods from a designated person, it has been held that "a certain lot of brass fittings, to wit, four hundred pounds of the value of three hundred dollars," was an insufficient description of the thing alleged to have been received by the defendant. *Brown* v. *State,* supra. In this case the court was passing upon a special demurrer to the indictment.

The rule for determining the sufficiency of the description of the article, or articles, alleged to have been stolen in a simple larceny case, is well established. The difficulty of applying that rule to indictments in the various cases that arise is illustrated by the

decisions of the appellate courts. In the case at bar we are satisfied that the description of the stolen articles was inadequate to meet the demurrer, and hold that the trial judge erred in overruling the demurrer. It is, of course, unnecessary to pass upon the questions raised by the motion for a new trial.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*