## 25986. PEEK *v.* THE STATE.

DECIDED JANUARY 12, 1937.

*J. A. Mitchell,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.

MacINTYRE, · J. An indictment for simple larceny which describes the thing alleged to have been. stolen as "fifty bushels upland cottonseed, of the value of $22.50, of the personal goods of H. W. Fouché," is subject to a special demurrer that "the description is insufficient to put this defendant on notice of any particular fifty bushels of cottonseed in question," and that "there is no description or the location of the same." *Bright* v. *State,* 10 *Ga. App.* 17 (72 S. E. 519), and cit.; *Pharr* v. *State,* 44 *Ga. App.* 363 (161 S. E. 643), and cit. Even in the case of receiving stolen goods from a designated person, it has been held that "a certain lot of brass fittings, to wit, four hundred pounds of the value of three hundred dollars," was an insufficient description of the thing alleged to have been received by the defendant. *Brown* v. *State,* 116 *Ga.* 559 (42 S. E. 795). In *Gibson* v. *State,* 13 *Ga. App.* 67 (78 S. E. 829), this court held that the description "one metal church bell" belonging to a named church, "is sufficiently definite to withstand a special demurrer *which does not itself specify in what respect the description should be more minute,"* not that this description was good against a proper special demurrer. (Italics ours.) In *Powell* v. *State,* 88 *Ga.* 32 (13 S. E. 829), it was held

162

that "one watch and chain" was a sufficient description *in a case of larceny from the person.* In the other case cited by counsel for the State, *Patterson* v. *State,* 122 *Ga.* 587 (50 S. E. 489), the defendant was charged with *larceny from the house* of "one double-case silver watch." "In indictments for compound larceny, the allegations in reference to the aggravating fact serve to individualize the transaction, and a more general description of the property is permissible in such cases than would be permitted in indictments for simple larceny." *Melvin* v. *State,* 120 *Ga.* 490, 491 (48 S. E. 198) ; *Pharr* v. *State,* supra.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*