## KEY v. THE STATE.

HEAD, Justice. The plaintiff in error was convicted at the January term, 1950, of Thomas Superior Court on an indictment charging that he illegally transported intoxicating beverages and liquors. His motion for new trial, as amended, was overruled on October 26, 1950. Ground 1 of the amended motion for new trial assigns as error the refusal of the trial judge to permit an examination of prospective jurors under the provisions of an act approved February 25, 1949 (Ga. L. 1948-49, p. 1082), and this ground recites that the judge "ruled that the statute, in so far as it pertained to criminal cases, was unconstitutional, to which said ruling of said court the defendant then and there excepted, here and now excepts, and assigns the same as error." *Held*:

1. Jurisdiction of the writ of error is not vested in the Supreme Court "because the appeal, in part, deals with the question of the constitutionality of a statute," as contended by counsel for the plaintiff in error.

2. Exceptions pendente lite may be filed to any interlocutory order, ruling, or judgment of the trial judge in any criminal case. Code, §§ 6-701, 6-901; *Brown* v. *State*, 116 Ga. 559 (42 S. E. 795). "This court has uniformly held that however erroneous such an interlocutory judgment may be, the party is concluded by it unless he file his interlocutory bill

of exceptions." *Fannin* v. *Durdin,* 54 *Ga.* 476; *Daniels* v. *Commissioners of Pilotage,* 147 *Ga.* 295 (93 S. E. 887); *Dye* v. *Alexander,* 195 *Ga.* 676 (2) (25 S. E. 2d, 419).

3. Exceptions to the ruling complained of not having been preserved in the manner provided by law, no constitutional question could be presented for determination. The writ of error must be

*Transferred to the Court of Appeals. All the Justices concur.*

No. 17347. FEBRUARY 12, 1951.

*A. J. Whitehurst,* for plaintiff in error.